United States Court of Appeals,

Fifth Circuit.

No. 95-30308

Summary Calendar.

Ralph MORIN;  Larry Keith Young, Plaintiffs-Appellees,

v.

Randy CAIRE, Defendant-Appellant

and

City of Slidell, Defendant.

March 7, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before WISDOM, DAVIS and STEWART, Circuit Judges.

WISDOM, Circuit Judge:

Defendant/appellant, Randy Caire, appeals the district court's denial of his Rule 12(b)(6) motion to dismiss a civil rights claim filed against him by plaintiffs/appellees, Ralph Morin and Larry Keith Young.  For the reasons that follow, we REVERSE.

I. Facts and Background

On November 6, 1991, defendant/appellant, Randy Caire ("defendant" or "Caire"), a police officer for defendant City of Slidell, Louisiana ("City"), arrested the plaintiffs/appellees, Ralph Morin and Larry Keith Young ("plaintiffs" or "Morin" and "Young"), for the murder of Morin's business partner, Leo Harp, in September 1991.  Prior to arresting the plaintiffs, Caire interrogated Brian Mouring, an individual who was linked to a gun found near the murder site.  Mouring told Caire that he had sold

the gun to his uncle, plaintiff Young, who had told Mouring that he was going to use the gun to kill Leo Harp in a murder for hire plot originated by plaintiff Morin. Based on this information, Caire obtained a warrant for the plaintiffs' arrests, and took them into custody. Caire also testified before a grand jury regarding his investigation of the crime, and the grand jury issued indictments for murder against both plaintiffs.

Morin and Young remained in jail awaiting trial from the time of their arrests in November 1991, until August 1993, when the charges against them were dropped for undetermined reasons. After their release, Morin and Young filed this civil rights action against Caire and the City seeking damages of two million dollars for their allegedly improper incarceration. Specifically, the suit alleges violations of the plaintiffs' Fourth, Fifth, Eighth, and Fourteenth Amendment rights, and further asserts Louisiana state law tort claims of false imprisonment, malicious prosecution, and abuse of process. The defendants filed a Rule 12(b)(6) Motion to Dismiss that argued: 1) the plaintiffs' complaint failed to state a constitutional claim upon which relief could be granted; 2) if the complaint did state constitutional claims, then defendant Caire is immune from suit in them; and 3) there is no basis on which the state law claims could proceed. The district court summarily denied the 12(b)(6) motion. Defendant Randy Caire now appeals that dismissal.

## II. Discussion

A. Appellate Jurisdiction and Standard of Review:

2

Ordinarily, this court does not have jurisdiction over the denial of a Rule 12(b)(6) motion to dismiss for no cause of action, because such an order is interlocutory in nature.[1] The Supreme Court has held, however, that orders denying substantial claims of qualified immunity are immediately appealable under the collateral order doctrine.[2] Because the defendants' motion to dismiss asserts a qualified immunity defense to the plaintiffs' constitutional claims, we may hear the appeal on the denial of that portion of the motion.[3]

Although the immunity exception does not apply to the decision to deny the plaintiffs' state law claims, we also may have jurisdiction to review that decision. In the interest of judicial economy, this court may exercise its discretion to consider under pendant appellate jurisdiction claims that are closely related to the issue properly before us.[4] Although we generally exercise this

---

[1]*Holloway v. Walker,* 765 F.2d 517, 525 (5th Cir.) *cert. denied,* 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985).

[2]*Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Wicks v. Mississippi State Employment Services,* 41 F.3d 991, 994 (5th Cir.1995).

[3]We note that the district court failed to provide any reasons for its denial of the defendants' motion. District courts should state for the record the reasons for denying immunity. *See* Fed.R.Civ.P. 41(b), 52(a); *Schaper v. City of Huntsville,* 813 F.2d 709, 713 (5th Cir.1987). We assume from the district court's form dismissal, however, that it found that disputed issues of material fact existed, which, if true, would constitute violations of clearly established law by Caire. *Id.*

[4]*Walter Fuller Aircraft Sales v. Rep. of Philippines,* 965 F.2d 1375, 1387 (5th Cir.1992).

power with caution,[5] it is appropriate for us to do so in this situation, for if we were to refuse to exercise jurisdiction over the state law claims, our refusal would defeat the principal purpose of allowing an appeal of immunity issues before a government employee is forced to go to trial.[6]

A district court's ruling on a Rule 12(b)(6) motion is subject to *de novo* review.[7] The motion may be granted "only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations".[8] The review of such a motion is limited to the plaintiffs' complaint.[9]

B. The Plaintiffs' Constitutional Claims:

Public officials are entitled to qualified immunity from suit under § 1983 unless it is shown by specific allegations that the officials violated clearly established law.[10] To determine if qualified immunity applies, this court follows a two-step process. First, we determine if the plaintiff has stated a violation of a

---

[5]*Id.*

[6]*Mitchell,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) ("the entitlement is an *immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if the case is erroneously permitted to go to trial."); *see also, Kelly v. Curtis,* 21 F.3d 1544, 1555-56 (11th Cir.1994).

[7]*Jackson v. City of Beaumont Police Dep't,* 958 F.2d 616, 619 (5th Cir.1992).

[8]*Id.*

[9]*Id.*

[10]*Schultea v. Wood* ["*Schultea I* "], 27 F.3d 1112, 1115 (5th Cir.1994), *aff'd in part,* 47 F.3d 1427 (en banc) (5th Cir.1995).

clearly established constitutional right.[11] If so, we next examine the reasonableness of the defendant's conduct.[12]

Caire first argues that the district court should have dismissed the plaintiffs' claims arising under the Fifth, Eighth and Fourteenth Amendments because these constitutional provisions do not protect individuals from the types of harm alleged by the plaintiffs. We agree. The protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees such as the plaintiffs.[13] Similarly, the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case.[14] And, although the Fourteenth Amendment's due process clause does apply to municipalities, the plaintiff has not pleaded any allegations upon which a procedural due process claim could be based, and the U.S. Supreme Court has recently determined that there is no substantive due process right to be free from criminal prosecution except upon probable cause.[15] Thus, the plaintiffs' only remaining constitutional claims are premised on the protections of the Fourth

---

[11]*Schultea I,* at 1115.

[12]*Id.*

[13]*See, Ingraham v. Wright,* 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977); *Bell v. Wolfish,* 441 U.S. 520, 535, n. 16, 99 S.Ct. 1861, 1872, n. 16, 60 L.Ed.2d 447 (1979).

[14]*Richard v. Hinson,* 70 F.3d 415, 416 (5th Cir.1995).

[15]*Albright v. Oliver,* --- U.S. ----, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

Amendment against unreasonable search and seizure.[16]

Specifically, the plaintiffs allege that Caire violated their Fourth Amendment rights by engaging in the following activities: 1) relying on false evidence; 2) relying on an unreliable source; and 3) participating in and furthering the plaintiffs' extended incarceration in an effort to coerce admissions of guilt.[17] Caire argues that the plaintiffs' complaint fails to state sufficient facts regarding these allegations to support a constitutional claim. We agree.

In a recent *en banc* opinion, *Schultea v. Wood*,[18] this court determined that when a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff.[19] The court must first demand that a plaintiff must file "a short and plain statement of his complaint, a complaint that

---

[16]In fact, plaintiffs concede that the district court should have dismissed their constitutional claims that do not arise under the fourth amendment. The plaintiffs' brief states, "Technically it is correct that the district court probably should have dismissed portions of the complaint, and should have given reasons for judgment. However, it seems clear that the Trial court would have proceeded to trial on petitioners [sic] 4th Amendment constitutional claims and State law claims ... The record below makes it clear that this case boils down to a 4th Amendment claim for unreasonable search and seizure, and various state law tort claims." Brief of the Appellee at 11.

[17]The plaintiffs' complaint also includes allegations that Caire made "false statements under oath," and "made false or misleading statements in an extrajudicial context." In their reply brief, however, the plaintiffs concede that they have abandoned the false testimony claims for want of proof. Brief of the Appellee at 10.

[18]*Schultea v. Wood* ["*Schultea II* "], 47 F.3d 1427 (5th Cir.1995) (en banc).

[19]*Id.* at 1433.

rests on more than conclusions alone."[20]  Next, the court may, in its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of qualified immunity.[21]  The court's discretion not to order such a reply is very narrow, however, when greater detail might assist.[22]

In this case, the initial complaint pleads only conclusions. It asserts that Caire "knew, or should have known, that the statements of Bryan Moring [sic] were false," without pleading factual allegations indicating that Mouring's statement are indeed false, or facts indicating that no reasonable police officer would have believed Mouring's statement.  The complaint also alleges that Caire "knew that the evidence assembled against Morin and Young was not sufficient to take to trial," yet fails to state facts supporting this conclusion.  This omission is particularly severe in a case such as this in which a grand jury separately determined that there was sufficient evidence to warrant a trial.  Similarly, the plaintiffs' allegation that Caire knew the evidence "was not sufficient to furnish probable cause or prosecute [the plaintiffs]," is inadequate when Caire obtained an arrest warrant prior to arresting the plaintiffs.  Finally, the mere allegation that "the progress of the prosecution of [the plaintiffs] was delayed by Randy Caire, and by the St. Tammany Parish District Attorney's office due to their knowledge of the shortcomings of the

---

[20]*Id.* at 1433.

[21]*Id.* at 1434.

[22]*Id.*

7

case against [the plaintiffs]," requires more specific allegations of how the defendant himself unconstitutionally caused the plaintiffs' continued incarceration where he had obtained a warrant and a grand jury indictment was issued.

In spite of these factual shortcomings, the district court failed to order the plaintiff to file either a statement of facts, or a reply to the defendants' assertion of qualified immunity. This is clear error.[23]  Ordinarily this situation would require a remand to the district court to allow the plaintiffs an opportunity to amend their pleadings.[24]  Such a remand is not always required, however.  If the individual circumstances of the case indicate that the plaintiffs have pleaded their *best case,* there is no need to remand for further proceedings.[25]  In the present situation, a remand would not be useful.

Although the plaintiffs' complaint is devoid of factual allegations, both the plaintiffs' original response to the defendants' 12(b)(6) motion to dismiss, and the plaintiffs' appellate brief make it clear that the plaintiffs are basing their entire case on allegations that Caire did not conduct a thorough investigation prior to obtaining a warrant for the plaintiffs' arrest.  They contend that Caire omitted material statements and made false and misleading statements in his affidavit to obtain an

---

[23]*Id.*

[24]*Schultea I,* 27 F.3d at 1118.

[25]*See, Schultea I,* 27 F.3d at 1118.

arrest warrant for the plaintiffs.[26]   Specifically, they allege Caire made the following omissions from the warrant affidavit:  1) that Caire did not thoroughly investigate the veracity of Mouring's statement before seeking a warrant for the plaintiffs' arrest;  2) that Mouring gave two different stories as to how he disposed of the gun;  3) that at the time the affidavit was prepared, the police had no proof that Mouring's gun was the murder weapon;  and 4) there was insufficient proof regarding Mouring's veracity.[27]

In order to constitute a constitutional violation sufficient to overcome the qualified immunity of an arresting officer, the material misstatements and omissions in the warrant affidavit must be of "such character that no reasonable official would have submitted it to a magistrate."[28]   Furthermore, specific omitted facts must be "clearly critical" to a finding of probable cause.[29] Caire's alleged omissions, even if proven true, would not survive this test.

First, both "versions" of Mouring's story included Mouring selling the gun to plaintiff Young, and the only discrepancy between the two stories is that Mouring initially indicated that he did not know *why* Young bought the gun, but later amended his statement to say that "Young bought the gun to commit murder for

---

[26]See Brief of the Appellee at 11-14.

[27]*Id.*

[28]*Hale v. Fish,* 899 F.2d 390, 402 (5th Cir.1990).

[29]*Id.* at 400.

hire."[30] The second explanation told by Mouring does not contradict his first story, so much as elaborate on it. This discrepancy is not critical to the probable cause determination. Next, Caire's affidavit does not falsely represent that he had conducted any further investigation of Mouring's statement, or that the gun at issue had been determined to be the murder weapon. There is no misstatement of facts, just arguable omissions. Yet, these omissions do not negate the finding of probable cause, and are not "clearly critical" to a finding of probable cause. The plaintiffs also argue that Caire's affidavit did not include sufficient information regarding Mouring's veracity. They contend that because Mouring was the individual traced to the stolen gun, his "motivation to lie was clearly present when information is given tending to exculpate that person and inculpate others." Plaintiffs also assert that because Mouring told facts "only known by the perpetrator," a logical inference certainly arises that "that man was the perpetrator."

Although it is true that a warrant affidavit must include

---

[30]The plaintiffs offer the following version of the interrogation:

> "12:44 a.m., November 5, 1991: Caire obtains a taped statement from Bryan Mouring at a police station in Mississippi in which Mouring tells him that Larry Keith Young bought the gun Mouring had stolen in Louisiana; that the purchase was for unknown purposes; that later Larry Keith Young told him that the gun was used by him to commit the murder of a "man named Leo. He did not say his last name"; that the murder was paid for by Ralph Morin, a drug dealer; that Young was paid $5,000.00; and that Young would have been driving a white Cadillac or a brown van."

information regarding an informant's veracity in cases in which the informant has an incentive to lie,[31] Caire's affidavit clearly states both that the alleged murder weapon was traced to Mouring, and also that Mouring related "facts that could have only been known to the perpetrator."[32] Thus, the issuing magistrate had the necessary information, and was free to make the suggested inferences regarding Mouring's veracity. The plaintiffs' allegations regarding Caire's warrant affidavit simply do not rise to the level that no reasonable official would have submitted the affidavit to a magistrate.

C. Plaintiffs' Louisiana Tort Claims:

Finally, we address the sufficiency of the plaintiffs' Louisiana tort law claims of false imprisonment, malicious prosecution and abuse of process. The Louisiana torts of false arrest and malicious prosecution both require malice as an essential element.[33] Similarly, the tort of abuse of process requires an "ulterior motive."[34] Malice may be inferred from a lack of probable cause, or from a finding that the defendant acted recklessly.[35]

---

[31]*Hale,* 899 F.2d at 399.

[32]Record Excerpts of the Appellant, Tab "E".

[33]*Miller v. East Baton Rouge Parish Sheriff's Dep't.,* 511 So.2d 446, 452 (La.1987).

[34]*Duboue v. City of New Orleans,* 909 F.2d 129 (5th Cir.1990), *cert. denied,* 499 U.S. 922, 111 S.Ct. 1314, 113 L.Ed.2d 247 (1991).

[35]*Miller,* 511 So.2d at 453.

Caire argues that the plaintiffs did not plead sufficient factual allegations regarding these claims. The Louisiana tort claims do not arise under § 1983 however, and thus are not subject to heightened pleading requirements. Instead, the plaintiff need only satisfy general federal "notice pleading" regarding these claims. The allegations in the complaint are sufficient to meet this low threshold. Thus, they survive a 12(b)(6) motion to dismiss.

As discussed above, however, both the plaintiffs' motion in opposition to the defendant's 12(b)(6) motion, and their appellate brief make repeated references to facts admitted or produced in discovery. If on asserting a Rule 12(b)(6) motion, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.[36] In this case, the district court did not exclude the evidence relied on by the plaintiffs. Therefore, we may treat the defendant's 12(b)(6) motion as a Rule 56 motion for summary judgment.

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[37]

Looking at the record as a whole, the plaintiffs present no

---

[36]F.R.C.P. 12(B).

[37]Fed.R.Civ.P. 56(c).

12

factual evidence indicating either malice or an ulterior motive on the part of Caire.  The plaintiffs' only evidence regarding a lack of probable cause is the same evidence as they presented to support the contention that Caire made material misrepresentations and omissions on his warrant affidavit.  This evidence is insufficient to justify an inference of any malice or ulterior motive on the part of Caire.  Therefore, we find that there is no genuine issue of material fact regarding the elements of malice and ulterior motive in the plaintiffs' Louisiana tort claims.  We must dismiss these claims.

### III. Conclusion

For the reasons outlined above, we REVERSE the district court denial of the defendant's Rule 12(b)(6) motion, and DISMISS the claims of Ralph Morin and Larry Young against Randy Caire.