IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30396
Summary Calendar
_____

ANTHONY G. KEKO,

Plaintiff-Appellee,

versus

I. F. HINGLE ET AL.,

Defendants,

SADIE WILLIAMS GUEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-2189-C
--------------------
January 12, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant Sadie Williams Guey appeals the district court's denial of her Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint on the ground of qualified immunity. We have jurisdiction to review the denial under the collateral-order doctrine. See Morin v. Caire, 77 F.3d 116, 119 (5th Cir. 1996). Review is de novo, and is limited to the allegations of the plaintiff's complaint. Morin, 77 F.3d at 120.

Based on the allegations in the complaint, the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court did not err in concluding that Guey, an investigator for the Plaquemines Parish Sheriff's Office, is not entitled to absolute or qualified immunity from liability in connection with the investigation of plaintiff for the murder of plaintiff's wife. Guey does not enjoy absolute immunity for her investigatory activities. See Kerr v. Lyford, 171 F.3d 330, 338 (5th Cir. 1999). To determine whether Guey is entitled to qualified immunity, this court follows a two-step process. Morin, 77 F.3d at 120 (footnotes omitted). First, we examine the complaint to determine whether plaintiff has alleged that Guey violated his clearly established constitutional rights. If so, we consider whether Guey's conduct was reasonable. Id.

Taking the allegations of the complaint as true, Keko has alleged an objectively unreasonable violation of his clearly established Fourth Amendment rights sufficient to withstand a motion to dismiss. See Hale v. Fish, 899 F.2d 390, 402 (5th Cir. 1990). Further, Keko has sufficiently stated a cause of action for malicious prosecution under 42 U.S.C. § 1983 stemming from the violation of his Fourth Amendment rights. See, e.g., Kerr v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999). Because the allegations are sufficient to assert a constitutional violation and plaintiff has alleged that defendants acted in concert and deliberately in violating his rights, the allegations are sufficient to state a cause of action for conspiracy under 42 U.S.C. § 1985. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

Because the district court did not err in concluding that

plaintiff has alleged a viable federal claim, it follows that it was not error for the district court to deny Guey's motion to dismiss the state-law claims for lack of a viable federal claim. Because the allegations of the complaint are sufficient to state a claim under § 1983, the district court did not abuse its discretion by not requiring plaintiff to file a reply to Guey's qualified-immunity defense.  See Morin, 77 F.3d at 121.

Guey's argument that the plaintiff's claims are time-barred is not reviewable in this appeal because that issue is not inextricably intertwined or necessary to resolution of the qualified-immunity issue.  See Cantu v. Rocha, 77 F.3d 795, 805 (5th Cir. 1996).

AFFIRMED.