IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 99-31141
Summary Calendar

———————————

EDWARD WAYNE FOSTER,

Plaintiff-Appellant,

versus

ROBERT G. BUCKLEY, Etc.; ET AL.,

Defendants,

ROBERT G. BUCKLEY, Sheriff of Union Parish,

Defendant-Appellee.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1515

———————————————————————
October 27, 2000

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Edward Wayne Foster appeals the trial court's grant of summary judgment, based on qualified immunity, to defendant Robert Buckley.  For the reasons assigned, we affirm.

Foster does not appeal the grant of summary judgment to defendant Robert Levy. As relates to the claims against Buckley in his official capacity, Foster contends only that Buckley was in charge of the Sheriff's Office and failed to supervise his officers properly.  Foster does not focus on any alleged failure of any official policy, custom, or practice of Buckley and thus the official capacity claims lack validity.[1]  Foster has not briefed any state law claims and they are deemed abandoned.[2]

Foster maintains that Buckley had information of such quality and quantity that no reasonable officer would have concluded that probable cause existed for his arrest for the murder of John Wesley Smith.  He further maintains that the affidavit submitted in support of the application for an arrest warrant contained misstatements and omissions of fact critical to a finding of probable cause.  Our review of the record persuades that under the totality of the circumstances, the evidence from an informant, as well as other witnesses, provided sufficient basis for police to believe reasonably that there was probable cause to arrest Foster.[3]  The claimed misstatements and omissions in the affidavit Foster advances were not critical to a finding of probable cause and do not render the affidavit so lacking in indicia of reliability that a belief in

---

[1]Monell v. Department of Social Services, 436 U.S. 658 (1978).

[2]Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993)(issues must be properly briefed to be preserved for appeal).

[3]Illinois v. Gates, 462 U.S. 213 (1983).

probable cause is *per se* unreasonable.[4]   We find no error in the district court's determination that Buckley was entitled to qualified immunity.

The judgment appealed is AFFIRMED.

---

[4]Malley v. Briggs, 475 U.S. 335 (1986); Morin v. Caire, 77 F.3d 116 (5th Cir. 1996).