United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20363
Summary Calendar
_____

WARREN P. CANADY, ET AL.,

Plaintiffs,

WARREN P. CANADY,

Plaintiff-Appellant,

versus

M.B. THALER; R.J. PARKER; C.S. STAPLES;
T. MERCHANT; H. HARRIS; D.K. CROWLEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1680
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Warren P. Canady, Texas prisoner # 723784, appeals the summary judgment in favor of defendant M.B. Thaler on his free exercise claim. He asserts that he was denied the right to attend Jumu'ah, the Friday Islamic prayer services, from March of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997 until March of 1999. He has moved to supplement his appellate brief; this motion is DENIED.

The district court ruled that the evidence established that Canady had been serving cell restriction in March and April 1997 based on disciplinary violations. There is no competent summary judgment evidence establishing that the bar against religious service attendance for an individual who is punished with cell restrictions is reasonably related to a legitimate penological purpose. See Turner v. Safley, 482 U.S. 78, 89 (1987); Powell v. Estelle, 959 F.2d 22, 23 (5th Cir. 1992). Therefore, on the face of the record Canady has alleged a constitutional violation.

However, this court may affirm the decision of the district court on any grounds supported by the record. See Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997). During the time that Canady was serving his cell restrictions, prison authorities justified their limitations on religious services by referring to Administrative Directive 3.70. Because Canady does not allege that the directive has been rendered invalid, and because the officers were following a facially valid directive, they are entitled to qualified immunity. See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996); cf. Wooley v. City of Baton Rouge, 211 F.3d 913, 925 (5th Cir. 2000). The portion of the district court's judgment addressing March and April 1997 is AFFIRMED.

Canady also asserts that he was barred from attending Jumu'ah from May 1997 to March 1999. The record establishes that

Canady had been punished with cell restrictions or was serving a special cell restriction for refusing to work for at least some of that time. To the extent that the prison officials relied on the administrative directive during periods that Canady was in fact on cell restrictions, they would be entitled to qualified immunity. See Morin, 77 F.3d at 120; Wooley, 211 F.3d at 925. However, it is not clear how much of the 22-month period Canady spent on cell restrictions. Therefore, the judgment of the district court is VACATED on this ground and the case remanded to the district court for the parties to define the amount of time that Canady faced cell restrictions during the period between May 1997 and March 1999 and, if there is any time during which Canady was not serving cell restrictions, for the defendants to explain the reasons that Canady was barred from attending religious services at those times.

After Canady filed the instant appeal *in forma pauperis* (IFP), this court imposed the three-strikes bar against Canady. See Canady v. Thaler, No. 02-20322 (5th Cir. Aug. 21, 2002)(unpublished). Canady is admonished that, in the future, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION TO SUPPLEMENT DENIED; WARNING GIVEN.