United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31215

_____

KELVIN M. DOSS, JR.,

        Plaintiff - Appellant,

   v.

BEN MORRIS, Chief; SLIDELL POLICE DEPARTMENT; CITY OF SLIDELL;
ST. PAUL FIRE & MARINE INSURANCE COMPANY,

        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-2208-T

_____

Before DEMOSS, DENNIS, and PRADO, Circuit Judges.[1]

EDWARD C. PRADO, Circuit Judge.

Kelvin M. Doss brought the underlying suit against the Slidell Police Department, Police Chief Ben Morris, the City of Slidell, and St. Paul Fire & Marine Insurance Company, asserting violation of 42 U.S.C. § 1983 and state law torts of assault, battery, false imprisonment, and intentional infliction of emotional distress, under a theory of vicarious liability. The district court dismissed all of Doss's claims for failure to

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

state a claim upon which relief could be granted under FED. R. CIV. P. 12(b)(6). Doss appeals only the dismissal of his state law claims.

**Background Facts**

On February 3, 2001, Kelvin M. Doss was allegedly approached by four police officers on the street in Slidell, Louisiana. According to Doss, one of those officers grabbed Doss's wrists and pulled his arms behind his back, dislocating both of Doss's shoulders. Doss claims that he advised the officer that his shoulders were injured and requested medical assistance, but the officer instead forced him to place his hands on a car, causing Doss further injury. Doss contends that the officers detained him pursuant to accusations of fighting, and finally released him. Doss asserts that he in no way provoked the actions of the officers. Doss further avers that he sought out Slidell Police Chief Ben Morris on the day of the incident, and complained to Chief Morris that four officers had wrongly detained and injured him. Doss claims that Chief Morris agreed to investigate the matter and discipline the officers involved.

Doss later filed this lawsuit against the defendants, alleging civil rights violations under 42 U.S.C. § 1983 and Louisiana tort claims of false imprisonment, assault, battery, and intentional infliction of emotional distress, under a theory

of vicarious liability.  Defendants filed an Answer denying Doss's claims and moved for submission of a Rule 7(a) Reply by Doss, affirmatively asserting qualified immunity.  The district court granted the motion.  Doss filed his Rule 7(a) Reply, and Defendants moved to dismiss under FED. R. CIV. P. 12(b)(6).  The district court granted the 12(b)(6) motion, dismissing all of Doss's claims and entering judgment in favor of Defendants.  Doss moved to alter or amend judgment pursuant to FED. R. CIV. P. 59, challenging the court's dismissal of his state law tort claims. The motion was denied, and Doss timely appealed the district court's judgment regarding only the dismissal of his state law claims of battery, assault, false imprisonment, and intentional infliction of emotional distress.

## Analysis

*Rule 12(b)(6) Dismissal of State Law Claims*

Doss argues on appeal that the district court erroneously dismissed his Louisiana tort claims for assault, battery, false imprisonment, and intentional infliction of emotional distress under Rule 12(b)(6).  This Court reviews dismissals under FED. R. CIV. P. 12(b)(6) *de novo*.  *Green v. Polunsky*, 229 F.3d 486, 488 (5th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) is not appropriate unless the plaintiff's pleadings on their face show, beyond a

3

doubt, that the plaintiff cannot prove any set of facts sufficient to entitle him to relief. *Garrett v. Commonwealth Mortgage Co.*, 938 F.2d 591, 594 (5th Cir. 1991). In determining whether a case was properly dismissed under Rule 12(b)(6), the reviewing court must assume all facts contained in the pleadings are true, *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999), and view the facts in the light most favorable to the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Finally, while § 1983 claims are subject to heightened pleading requirements, state tort claims need only satisfy the lower threshold of general federal "notice pleading" requirements to survive a 12(b)(6) motion. *Morin v. Caire*, 77 F.3d 116, 123 (5th Cir. 1996).

In the instant case, the district court dismissed all of Doss's claims, including his state tort claims, against all of the defendants. At the outset, we note that the district court concluded in its Rule 7(a) Order that "Plaintiff's Louisiana tort claims satisfy" the requirements of general federal "notice pleading." Despite this finding, the trial judge ultimately concluded that Doss failed to state any claims upon which relief could be granted. The district court's order dismissing Doss's claims was very brief; the court merely stated that Doss failed to support his allegations, that Doss "admitted that he cannot identify the person who allegedly injured him," and that Doss did

4

not "allege[] any facts which would show causation."  The district court also found that several of Doss's allegations–none specifically named–were unfounded based on the facts presented in his pleadings.

Appellees concede that Doss could correctly bring a claim of vicarious liability against the City of Slidell[2] and its insurer. They argue, however, that Doss did not sufficiently plead any underlying state law torts, which is necessary to bring a vicarious liability claim under Louisiana Civil Code Article 2315.[3]  In the instant case, the state law torts asserted by Doss were battery, assault, false imprisonment, and intentional infliction of emotional distress.

Under Louisiana law, battery is defined as intentional harmful or offensive contact with a person.  *Lowrey v. Pettit*, 737 So. 2d 213, 216 (La. App. 2 Cir. 1999).  To establish battery, the plaintiff need not prove malice or an intent to inflict actual damage; a showing that the actor intended to inflict an offensive contact without the other's consent is

---

[2]Appellees assert that there is no such entity as the "Slidell Police Department", which can be sued, and that the "City of Slidell" is the properly named defendant for actions against the police department.  However, the propriety of the defendants named in this lawsuit is not at issue on appeal; therefore, we do not address the matter in this opinion.

[3]Article 2315 is one of the codal bases in Louisiana for a claim in tort, and states that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  *See Porteous v. St. Ann's Café & Deli*, 713 So. 2d 454, 456 (La. 1998).

sufficient. *See id.* Assault is the imminent threat of a battery. *Bulot v. Intracoastal Tubular Services, Inc*., 730 So. 2d 1012, 1018 (La. App. 4 Cir. 1999). False imprisonment may be proven if the plaintiff was detained and the detention was unlawful. *See Hughes v. Gulf Int'l*, 593 So. 2d 776, 780 (La. App. 4 Cir. 1992). Finally, the Louisiana Supreme Court has held that the tort of intentional infliction of emotional distress occurs when a person "by extreme and outrageous conduct intentionally causes severe emotional distress to another." *See White v. Monsanto*, 585 So. 2d 1205, 1209 (La. 1991).

In his Complaint and Rule 7(a) Reply, Doss alleged that four Slidell police officers "physically detained" Doss during a Mardi Gras parade and wrongfully accused him of fighting. Doss further stated that one officer intentionally handled Doss's person in such a manner that Doss's shoulders were dislocated, and that the officer further injured Doss by "forcing him to place both of his hands on a car while his shoulders were dislocated."

The facts asserted by Doss are admittedly brief. However, when taken as true and viewed in the light most favorable to Doss, we find that the foregoing facts describing a police officer's intentional and injurious contact with Doss, and Doss's alleged wrongful detention sufficiently state claims for battery, assault, and false imprisonment under a theory of vicarious liability against the City of Slidell, the city's insurer, and

6

the Slidell Police Department.  However, we conclude that Doss did not sufficiently plead a claim for intentional infliction of emotional distress, because he did not claim to have suffered emotional distress of any kind in his pleadings.  Consequently, we conclude that the district court erroneously dismissed Doss's state law tort claims against the City of Slidell, the Slidell Police Department, and St. Paul Fire & Marine Insurance Company for battery, assault, and false imprisonment, but correctly dismissed Doss's claim of intentional infliction of emotional distress.

Appellees further aver that the dismissal of Doss's state law tort claims should be affirmed as to Police Chief Morris, in particular.  A review of the record indicates that Doss's claims against Chief Morris were based on an alleged conspiracy to violate Doss's civil rights, and that Doss did not plead any viable state tort law claims against Chief Morris.  Accordingly, we affirm the district court's dismissal of Doss's state law claims with respect to Chief Morris.

*Qualified Immunity*

Finally, in addition to arguing that Doss's Louisiana tort claims were properly dismissed for failure to state a claim, the appellees contend that they were entitled to qualified immunity under *Moresi v. Department of Wildlife & Fisheries*, 567 So. 2d

7

1081 (La. 1990).[4]  The immunity discussed in *Moresi*, however, is inapposite to this case.  *Moresi* did not recognize a right to qualified immunity for conduct that exposes an officer to liability under Louisiana tort law.  Rather, the claims asserted in *Moresi* were civil rights claims, and the immunity recognized in that case was limited to actions "against state officers or persons acting under the color of state law for damages caused by a violation of Article I, § 5, of the Louisiana Constitution." *Id*. at 1094.  Thus, the qualified immunity laid out in *Moresi* does not shield the defendants from the tort claims asserted by Doss.

### Conclusion

Based on the foregoing analysis, we conclude that the district court's dismissal of Doss's claim for intentional infliction of emotional distress against all defendants, and the dismissal of all state law claims against Chief Ben Morris, was

---

[4]This Court notes that LA. REV. STAT. ANN. § 9:2798.1 (1997) provides limited statutory immunity for "certain acts carried out by police officers in the course of their duties." *Ducote v. City of Alexandria*, 677 So. 2d 1118, 1120 (La. App. 1996). Section 9:2798.1(B) provides that "[l]iability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their *policymaking* or *discretionary acts* when such acts are within the course and scope of their lawful powers and duties." (emphasis added).  However, we do not address the applicability of section 9:2798:1 in this case, as it was not expressly invoked by the defendants in the district court or on appeal.

proper and we hereby AFFIRM the district court's order dismissing with respect to those claims.  However, we further conclude that the district court's dismissal of Doss's state tort claims against the City of Slidell, the Slidell Police Department, and the St. Paul Fire & Marine Insurance Company for assault, battery, and false imprisonment under Rule 12(b)(6) was erroneous; therefore, we REVERSE that portion of the district court's order dismissing those claims.  Accordingly, we REMAND this case for further proceedings.

AFFIRMED in part, REVERSED in part, and REMANDED.