Shannon **KOHLER**

v.

Pat **ENGLADE**, et al

No. CIV.A.03–857–D.

United States District Court, M.D. Louisiana.

April 15, 2005.

---

**44.** *Id.*

Dennis R. Whalen, Baton Rouge, LA, for Shannon Kohler.

James L. Hilburn, Baton Rouge, LA, for Pat Englade, et al.

**1.** *See Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

**2.** *See Defenders of Wildlife v. Bernal,* 204 F.3d 920, 928–29 (9th Cir.2000).

## RULING

BRADY, District Judge.

This matter is before the court on a motion for new trial or amendment of judgment filed by Shannon Kohler ("plaintiff") (doc. 25). Pat Englade, Christopher Johnson and the City of Baton Rouge ("defendants") have filed an opposition (doc. 27). Plaintiff then filed a reply (doc. 28). Subject matter jurisdiction in this court exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## I. BACKGROUND

The facts of this case have been sufficiently set forth in a prior ruling (doc. 22). In that ruling (doc. 22), the court granted the defendants' motion for summary judgment and subsequently entered judgment in the defendants' favor (doc. 24). Plaintiff is now seeking a new trial or amended judgment pursuant to Fed.R.Civ.P. 59(a) and 59(e).

## II. STANDARD

The granting of a new trial under Fed.R.Civ.P. 59(a) is a decision left to the sound discretion of the trial judge.[1] In exercising this discretion, the trial judge may reopen a judgment, hear additional testimony, and amend or make new findings of fact and conclusions of law.[2] District courts may grant new trials for several reasons. For example, new trials may be granted where: (1) there is a verdict against the weight of evidence;[3] (2) a verdict is excessive or inadequate;[4] (3) there is newly discovered evidence;[5] (4)

**3.** *See Byrd v. Blue Ridge Rural Elec. Cooperative, Inc.,* 356 U.S. 525, 540, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958).

**4.** *See Eiland v. Westinghouse Elec. Corp.,* 58 F.3d 176, 183 (5th Cir.1995).

**5.** *See Peacock v. Board of Sch. Comm'rs,* 721

there is improper conduct by counsel or the court;[6] and (5) there is improper conduct affecting the jury.[7]

■■■ Under Fed.R.Civ.P. 59(e), the court may alter or amend its judgment upon motion by a party. Motions to alter or amend a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits.[8] The jurisprudence acknowledges four grounds that justify altering or amending a judgment: (1) to incorporate an intervening change in the law;[9] (2) to reflect new evidence not available at the time of trial;[10] (3) to correct a clear legal error;[11] and (4) to prevent a manifest injustice.[12] The decision whether to amend or alter a judgment is generally committed to the discretion of the trial judge.[13]

## III. ANALYSIS

■■■ The plaintiff proffers several arguments in support of his motion for new trial and amendment of judgment. First, plaintiff complains that he was threatened with public exposure for not voluntarily submitting to a DNA test. Plaintiff further complains that he was identified as a non-cooperating suspect and, as a result, is entitled to defamation damages.

Second, plaintiff contends that the test in qualified immunity cases is what a "reasonably well trained" officer would have done. Hence, plaintiff complains that Detective Johnson produced no competent expert evidence on what a reasonably trained officer would have done in this scenario.

Third, plaintiff again points out to the court that the serial killer was suspected of wearing a size 10 or 11 shoe and the plaintiff's shoe size was a 14. Therefore, plaintiff argues that the omission of plaintiff's shoe size from Detective Johnson's affidavit was critical.

Fourth, plaintiff contends if there was probable cause to search the plaintiff for DNA evidence, it can only be because there was probable cause to believe he was the murderer. Thus, plaintiff argues that the failure to arrest him somehow demonstrates that Detective Johnson did not believe there was probable cause for a warrant. Plaintiff goes on to complain that if there was probable cause to seize DNA evidence, the police should have also searched his home and vehicle for weapons, bloody clothing, and items stolen from the victims. According to the plaintiff, these allegedly incompetent acts negate any claims of qualified immunity.

F.2d 210 (7th Cir.1983).

6. See Wharf v. Burlington Northern R. Co., 60 F.3d 631, 637 (9th Cir.1995).

7. See Susan Wakeen Doll Co. v. Ashton Drake Galleries, 272 F.3d 441, 452 (7th Cir.2001); cf. Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966)(per curiam)(statement by bailiff that defendant was a "wicked fellow" who was guilty, and that the higher courts would correct a guilty verdict if it was wrong).

8. See White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).

9. See In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir.2002).

10. See Infusion Resources, Inc. v. Minimed, Inc., 351 F.3d 688, 696–97 (5th Cir.2003).

11. See Munafo v. Metropolitan Transp. Auth., 381 F.3d 99, 104–05 (2nd Cir.2004).

12. Id.

13. See Minton v. National Ass'n of Secs. Dealers, Inc., 336 F.3d 1373, 1379 (Fed.Cir.2003).

■ As to the plaintiff's first four arguments, this court previously outlined the jurisprudential requirements that a plaintiff must satisfy in order to recover for claims stemming from an allegedly faulty warrant. The duty of a reviewing court is to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed. *See Hale v. Fish, et al*, 899 F.2d 390, 399 (5th Cir.1990) (citing *Illinois v. Gates*, 462 U.S. 213, 239–40, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Additionally, in order to constitute a constitutional violation sufficient to overcome the qualified immunity of an officer, the omissions in the warrant affidavit must be of such character that no reasonable official would have submitted it to a magistrate. *See Morin v. Caire*, 77 F.3d 116, 122 (5th Cir.1996). Finally, for the plaintiff to recover damages, the omitted facts must be clearly critical to a finding of probable cause. *Id.* The plaintiff offers no new evidence whatsoever to support his motion for new trial or amended judgment.[14] Therefore, the court finds there is not a sufficient reason to amend its earlier ruling.

■ The plaintiff next argues Chief of Police Pat Englade filed the warrant in the public records in accordance with Baton Rouge City Police procedures. Therefore, the plaintiff contends the public exposure of his name as a suspect was the result of a city policy. Plaintiff maintains that this is sufficient to hold Pat Englade and the City of Baton Rouge liable. The plaintiff has provided no legal authority to support this claim. Thus, the court's earlier ruling on this issue stands.

■ Finally, the plaintiff states the court's previous ruling failed to address plaintiff's request for a mandatory injunction to compel the return of his DNA from certain unspecified databases. Defendants contend the Baton Rouge Police Department does not have possession of plaintiff's DNA. According to the defendants, the Louisiana State Police Crime Lab, which is not a party in this suit, is the custodian of plaintiff's DNA. Plaintiff merely responds that this court should order the return of all his DNA material regardless of which agency is in possession of the material. Although the court's earlier ruling did not address this issue, it appears moot inasmuch the DNA is not in the possession of

---

**14.** The plaintiff argues Detective Johnson's conduct was similar to that of a detective in *Miller v. East Baton Rouge Parish Sheriff's Dept.*, 511 So.2d 446 (La.1987). In *Miller*, the plaintiffs were arrested on charges of attempted murder and armed robbery based on a detective's sworn affidavit. The detective was then found liable for malicious prosecution. However, the arrest warrant in *Miller* was based on information gathered from a convicted felon who harbored a known grudge against the plaintiffs. The detective was aware that one of the plaintiff's fingerprints did not match those on the victim's truck and proceeded to obtain an arrest warrant for that plaintiff in spite of this fact. The detective also failed to interview a lengthy list of alibi witnesses who allegedly could attest to the fact that the plaintiffs were at a party during the commission of the crime. In addition, the informant was a career criminal who only knew facts which had been broadcast on the television show Crime Stoppers. Furthermore, the wife of the informant who attempted to verify her husband's information also had motive to falsely implicate at least one of the plaintiffs. These facts, among others, provided the framework for the Supreme Court to find the detective acted without probable cause in arresting the plaintiffs. The aforementioned facts of *Miller* are distinguishable from the case at bar. For example, the detective in *Miller* was presented with several key pieces of evidence that contradicted the informant's story. Moreover, the informant and his wife had ample motive to be untruthful. Also, the detective's subsequent investigation did not provide sufficient reliable information to verify the informant's story. Therefore, the court rejects the applicability of *Miller* to the instant lawsuit.

the named defendant; therefore, this issue does not require the court to amend its earlier ruling.

## IV. CONCLUSION

For the reasons provided herein, the plaintiff's motion for new trial and / or amended judgment (doc. 25) is hereby DENIED.