United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-10210
Summary Calendar

JAIME CHAVEZ; MAYRA GUADALUPE
CHAVEZ-HERNANDEZ; JAIME DE JESUS
CHAVEZ-HERNANDEZ,

Plaintiffs-Appellees,

versus

MARK DE LA PAZ; ET AL.,

Defendants,

MARK DE LA PAZ,

Defendant-Appellant.

**Appeal from the United States District Court
for the Northern District of Texas
(3:04-CV-510-K)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

At issue is the denial of City of Dallas Police Officer Mark De La Paz's: motion to dismiss, both for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and based on qualified immunity; motion for a Rule 7(a) reply; and motion for a protective order to stay discovery.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jaime Chavez, individually and on behalf of his minor children, sued Dallas and several members of its police department, including Officer De La Paz. Among the claims was a constitutional claim for false arrest against Officer De La Paz under 42 U.S.C. § 1983 and also under state law.

Chavez's complaint alleged, *inter alia*, that the Officer pressured an informant to implicate Chavez in a drug sale because he had no other reliable evidence against Chavez. In his answer, Officer De La Paz raised the defense of qualified immunity to all claims, and subsequently filed a 12(b)(6) motion to dismiss; a motion for Rule 7(a) reply; an alternative Rule 12(e) motion for more definite statement; and motion for a protective order to stay discovery. The district court granted the 12(b)(6) motion on all claims except for false arrest, ruling the complaint stated a claim on that basis and the Officer was not entitled to qualified immunity. For the same reasons that it held the complaint was sufficient to preclude qualified immunity at the complaint stage, the district court denied the motion for a Rule 7(a) reply.

We lack jurisdiction over an interlocutory appeal contesting a ruling that a complaint states a claim upon which relief may be granted. ***Chrissy F. v. Miss. Dep't of Public Welfare***, 925 F.2d 844, 849 (5th Cir. 1991). On the other hand, we do have jurisdiction over an interlocutory appeal from that part of the denial of the Rule 12(b)(6) motion "assert[ing] a qualified

immunity defense to ... constitutional claims". ***Morin v. Caire***, 77 F.3d 116, 119 (5th Cir. 1996). In deciding whether qualified immunity should be granted, we determine, *inter alia*, whether a claim has been stated. The qualified-immunity ruling is reviewed *de novo*. ***Jones v. Greninger***, 188 F.3d 322, 324 (5th Cir. 1999).

A Rule 12(b)(6) motion to dismiss fails unless "it appears ... no relief could be granted under *any* set of facts that could be proved consistent with the allegations" in the complaint. ***Morin***, 77 F.3d at 120 (internal quotation marks and citation omitted) (emphasis added). Restated, we consider only the well-pleaded facts in Chavez's complaint.

To prevail against a qualified-immunity claim, Chavez must show: (1) his allegations state a violation of current law; and (2) the Officer's conduct was objectively unreasonable in the light of the clearly-established law at the time of such conduct. *E.g.,* ***Anderson v. Pasadena Indep. Sch. Dist.***, 184 F.3d 439, 443 (5th Cir. 1999).

The first prong concerns whether the well-pleaded facts state a claim for false arrest. They do. Chavez's complaint alleges that, after he was arrested without a warrant, the Officer pressured an informant to implicate Chavez in a 15 February 2000 drug transaction because Officer De La Paz knew he had no other evidence against him.

For the second prong, the Officer's alleged conduct was objectively unreasonable in the light of the then clearly-established law, because the complaint alleges that he arrested Chavez without probable cause. *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (explaining that persons enjoy the constitutional right to be free from false arrest without probable cause).

In sum, we must view Chavez's complaint in the light most favorable to him. *Based solely on the well-pleaded facts in that complaint*, the district court correctly denied qualified immunity.

The Officer also contests the denial of his motion for a Rule 7(a) reply to his qualified immunity defense. We have jurisdiction over this contention because it is a question of law regarding the denial of qualified immunity. Because Chavez's complaint states a sufficient claim against Officer De La Paz to withstand qualified immunity at this stage, the district court did *not* abuse its discretion in refusing to order a Rule 7(a) reply.

Similarly, because we affirm the denial of qualified immunity defense at this stage, the district court's ruling on the Officer's motion for a protective order to stay discovery is moot.

*AFFIRMED*