United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2007**

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals*

*for the Fifth Circuit*

No. 03-50538
Summary Calendar

CHRISTIAN M. RANDOLPH,

Plaintiff - Appellant,

v.

TEXAS REHABILITATION COMMISSION; ESTER DIAZ, also known as Mary Esther Diaz; REYES "RAY" GONZALES; LARRY D. ANDERSON; ELIZABETH GREGOWICZ; DAVE WARD; JENNY HALL; MARY SCONCI-WOLFE; CHARLES SCHIESSER; ROGER DARLEY; LEON HOLLAND; SYLVIA HARDMAN; VERNON (MAX) ARRELL,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. A-02-CA-574

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plaintiff in this case, Christian M. Randolph, sued the Texas Rehabilitation Commission (TRC) and several TRC employees. All of Randolph's claims were dismissed by the district court. On appeal, Randolph challenges the dismissal of his Rehabilitation Act claims against the TRC based on sovereign immunity and his section 1983 retaliation claims against the employees in their individual capacities based on qualified immunity.

The TRC concedes that Randolph's claims under section 504 of the Rehabilitation Act of 1973 should not have been dismissed based on sovereign immunity in light of *Pace v. Bogalusa City School Board*[2] and *Miller v. Texas Tech University Health Sciences Center*.[3] The district court's judgment dismissing Randolph's section 504 claims is therefore reversed, and the claims are remanded for further proceedings.

With regard to the dismissal of the section 1983 claims against the individual defendants in their individual capacities based on qualified immunity, Randolph complains that his employment was terminated because he exercised his First Amendment right to speak on an issue of public concern. Randolph alleges that the TRC fired him because he (1) complained that management was running the agency based on "whims"; (2) threatened, in front of approximately six employees, to "sue Commissioner [Vernon] Arrell for $50,000,000" for violating his and another disabled co-worker's rights; (3) dictated a letter, in front of his co-workers and supervisor, criticizing the TRC management for disbanding

---

[2]403 F.3d 272 (5th Cir. 2005) (en banc).

[3]421 F.3d 342 (5th Cir. 2005).

a forum for disabled employees to discuss concerns; and (4) criticized Associate Commissioner Dave Ward in front of co-workers on numerous occasions for his involvement with the Amway Corporation.

The district court held that Randolph's speech was public, but the concerns addressed by his speech were outweighed by the TRC's need to maintain a harmonious, efficient workplace. We review an order dismissing a claim based on qualified immunity *de novo*,[4] treating "all well-pleaded facts as true, [and] viewing them in the light most favorable to the plaintiff."[5]

We employ a two-step test to determine whether the defendants are entitled to qualified immunity. First, we must determine whether the plaintiff's allegations, if true, establish a violation of a clearly established federal right.[6] If not, the defendants are entitled to qualified immunity.[7] If a violation is established, we must then determine whether the defendants' conduct was "objectively reasonable in light of clearly established law at the time of the incident."[8]

---

[4]*Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[5]*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

[6]*Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[7]*Id.*

[8]*Id.*

To prevail on his retaliation claim, Randolph must establish: "(1) [he] suffered an adverse employment action; (2) the speech at issue involved matters of public concern; (3) [his] interest in the speech outweighs the government's interest in efficiency; and (4) the speech precipitated the adverse employment action."[9]  The court will resolve the legal questions of whether the speech is public in nature and whether the plaintiff's interests outweigh the government's interests.[10]  If the plaintiff satisfies these elements, the jury determines the remaining factual issues.[11]

In assessing whether speech is of public concern, we examine "the content, form, and context" of each statement.[12]  Internal personnel disputes and management decisions are rarely a matter of public concern, even if they occur at a state agency.[13]  The speech is not public if it "is only interesting to the public by virtue of a manager's status as an arm of the government."[14]  However, claims of corruption or malfeasance are matters of public concern, as opposed to mere employment or managerial disagreements.[15]

---

[9]*Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004).

[10]*Connick v. Myers*, 461 U.S. 138, 148 n.7 (1982).

[11]*Branton v. City of Dallas*, 272 F.3d 730, 739 (citing *Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir. 1996)).

[12]*Connick*, 461 U.S. at 147-48.

[13]*Branton*, 272 F.3d at 739.

[14]*Id.* at 740.

[15]*Alexander*, 392 F.3d at 145-46; *cf. Branton*, 272 F.3d at 740-41 (holding that speech reporting official misconduct of a police officer was of public concern).

None of Randolph's statements are public in nature when the content, form, and context are considered. His first complaint—that management was making decisions on "whims"—is simply a disagreement about management of the agency. He alleges no corruption or malfeasance; his comments indicate he simply would have preferred that management make different decisions.

Next, Randolph stood in a group of co-workers and threatened to "sue Commissioner Arrell for $50,000,000" for violating his rights and the rights of a disabled co-worker. Even Randolph admits that this statement was "puerile." Randolph was not giving a critique of the TRC's policies towards the disabled; he was merely voicing his dissatisfaction with managerial decisions personal to him and other employees. This does not rise above an individual employee's complaints and is not a matter of public concern.

Randolph also dictated a letter in front of co-workers and his supervisor complaining that management disbanded a forum for disabled employees to discuss concerns. The dictation of this letter in the presence of other employees reflects that he created a distraction in the workplace, and this action would be interesting to the public, if at all, only because of Randolph's status as an arm of the government.

Finally, Randolph complained of Associate Commissioner Ward's involvement with the Amway Corporation on a number of occasions. Once again, Randolph chose to air his concerns in front of his co-workers. Randolph did not allege any actual misconduct, malfeasance, or corruption—instead, he merely questioned Ward's involvement and whether it was interfering with Ward's duties at the TRC. Though Ward is a public official, his

5

private affiliations are not a public concern unless they are related to corruption or misconduct. Randolph did not allege any actual conflicts of interest, corruption, or misconduct—he simply threatened to "investigate" Ward's connection to Amway. These insinuations do not rise to the level of a matter of public concern.

The district court stated that Randolph sometimes complained about the disability policies of the agency in a broad context and that these disability policies would be of interest to the public. However, Randolph's own allegations of his statements are not extended to a broader context than his own personal complaints. Randolph's statements, as alleged by Randolph himself, are not assertions of a broad policy of the TRC to discriminate against disabled employees; instead, they are limited to Randolph's immediate circumstances. Randolph's statements appear to be nothing more than a frustrated employee's attempts at creating distractions in the workplace by airing his concerns and threats as loudly as possible to his co-workers and supervisors.

For the foregoing reasons, the district court's order dismissing Randolph's section 1983 claims against the individual defendants is affirmed.

REVERSED IN PART, AFFIRMED IN PART.