IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 06-11245
Summary Calendar

CLARENCE WILSON

Plaintiff-Appellant

v.

CORRECTIONAL OFFICER ROCHELLE GALLARDO

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CV-160

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Clarence Wilson, Texas prisoner # 691352, appeals the dismissal on summary judgment of his pro se, in forma pauperis, 42 U.S.C. § 1983 civil rights complaint against Rochelle Gallardo, a Texas Department of Criminal Justice corrections officer. In his complaint, Wilson alleged that, in retaliation for threatening to exercise his First Amendment right to complain about Officer Gallardo's use of profane and abusive language, Officer Gallardo filed a false prison disciplinary action that accused him of assaulting her with a chute door.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Officer Gallardo argued that she was entitled to qualified immunity and moved for summary judgment. The parties agreed to proceed before a magistrate judge (MJ). The MJ granted Officer Gallardo's motion for summary judgment, finding that Officer Gallardo was entitled to qualified immunity.

On appeal, Wilson argues that a genuine issue of material fact exists as to whether Officer Gallardo was injured in the alleged assault and whether his contact with Officer Gallardo was intentional. He contends that Officer Gallardo would not have filed a disciplinary charge against him if he had not threatened to file a formal grievance against her.

This court reviews the grant of summary judgment de novo. Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If the movant meets the initial burden of showing that there is no genuine issue, the burden shifts to the non-movant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e).

Public officials are entitled to qualified immunity from suit under § 1983 unless the plaintiff makes specific allegations that the officials violated clearly established law. Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). This court uses a two-part test to determine if qualified immunity applies. "First, [the court] determine[s] if the plaintiff has stated a violation of a clearly established constitutional right. If so, [this court] next examine[s] the reasonableness of the defendant's conduct." Id. In order to demonstrate retaliation in violation of a constitutional right, a prisoner must show (1) the existence of a constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory adverse act, and (4) causation. McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998). "Causation requires a showing that but for

the retaliatory motive the complained of incident . . . would not have occurred." Id. (internal quotation marks and citations omitted).

The only issue on appeal is whether a genuine issue of material fact exists as to causation. Wilson's allegation that Officer Gallardo retaliated against him based on his threat to file a grievance against her are conclusionary as he adduces no evidence which demonstrates that his threat, rather than his conduct of hitting Officer Gallardo with the chute door, motivated her to file a disciplinary action against him. Absent a showing of causation, Wilson has failed to establish that Officer Gallardo violated his constitutional rights. See id.; Morin, 77 F.3d at 120. He has concomitantly failed to establish error in the MJ's finding that Officer Gallardo was entitled to qualified immunity. See Morin, 77 F.3d at 120. In short, the MJ did not err in granting Officer Gallardo's motion for summary judgment. Accordingly, the judgment is AFFIRMED.