# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10880
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2024

Lyle W. Cayce
Clerk

Willie Lee HavMmeri,

*Plaintiff—Appellant*,

*versus*

Methodist Health Systems, Dallas,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-594

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Willie Lee HavMmeri filed a pro se complaint arising from the termination of his employment. He now appeals the district court's dismissal of his complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). HavMmeri argues that the district court erred in dismissing his claim under the Texas Commission on Human Rights Act (TCHRA) based

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

on his failure to timely exhaust his administrative remedies within 180 days after he was terminated. Liberally construed, his brief contends that equitable tolling of the deadline was warranted or, alternatively, that his delay in filing his administrative complaint should be excused under Federal Rule of Civil Procedure 6(a)(3).

We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6). *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). However, we review a decision whether to apply equitable tolling for an abuse of discretion where, as here, the decision "was a fact-specific, discretionary matter." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

Equitable tolling should be "applied sparingly," and it is the plaintiff's "burden to provide justification for equitable tolling." *Id.* (internal quotation marks and citation omitted). HavMmeri acknowledges that he did not fax his administrative complaint until the day after the filing deadline and that he waited until the deadline to obtain the fax number for the relevant administrative agency. Although he mentions that, during the filing period, government buildings were closed to the public because of the COVID-19 pandemic, he does not explain how this prevented him from requesting the fax number earlier or timely submitting his administrative complaint. Under these circumstances, he has failed to show the court abused its discretion in finding that equitable tolling was not justified. *See id.* We also reject HavMmeri's contention that the late filing of his administrative complaint should be excused under Rule 6(a)(3), as that rule does not apply to filings with administrative agencies. *See* Fed. R. Civ. P. 6(a)(3).

HavMmeri has abandoned all other issues on appeal by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court's judgment is AFFIRMED.