United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20710
Summary Calendar
_____

JOHN CHARLES SPURLOCK,

                                        Plaintiff-Appellant,

versus

CHARLES A. WILLIAMSON; LAWRENCE N. HODGES; GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; ADOLPH THOMAS; WILLIAM BATES;
RICHARD GUNNEL; DENISE JEFFERSON; STEPHANIE MARTIN

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-4553
--------------------

Before WIENER, BENAVIDES, AND STEWART, Circuit Judges.

PER CURIAM:[*]

     John Charles Spurlock, Texas inmate # 741571, appeals the

district court's grant of summary judgment for the defendants in

his civil rights action, filed under 42 U.S.C. § 1983.

Spurlock's motion to file an out-of-time reply brief is GRANTED.

Spurlock argues that the defendants are not entitled to qualified

immunity on his failure-to-protect claim.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The defendants' summary judgement evidence showed that the defendants were not aware that placing Inmate Hudspeth in the general population created a substantial risk of harm to Spurlock's safety.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).  Therefore, Spurlock failed to meet his burden of showing that a genuine issue of material fact existed relative to the defendants' awareness.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Absent such a showing, Spurlock failed to show that the defendants violated his constitutional rights, and the district court did not err when it concluded that they were entitled to summary judgment as a matter of law.  See FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc); Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996).

The district court did not abuse its discretion when it denied Spurlock's discovery request.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).  Nor did the district court err when it denied Spurlock the appointment of counsel for discovery purposes.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1992).

AFFIRMED; MOTION GRANTED.