**The STATE of Texas, Appellant,**

v.

**Robyn RIVENBURGH, Appellee.**

No. 04–96–00246–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 9, 1996.

Robert Boyd Padgett, Assistant Criminal District Attorney, San Antonio, for Appellant.

Kurt Wayne Gransee, Clifford C. Herberg, Jr., Rush, Herberg & Gransee, L.C., San Antonio, for Appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

RICKHOFF, Justice.

The State of Texas appeals from the trial court's order granting a motion to suppress. In two points of error, the State contends the trial court erred in granting the motion to suppress because: (1) the arresting officer observed appellant commit the offense of disorderly conduct thereby justifying the stop; and (2) the arresting officer observed appellant commit a traffic offense thereby justifying the stop. We affirm the trial court's suppression order.

## FACTS

Appellee, Robyn Rivenburgh ("Rivenburgh"), was arrested for driving while intoxicated after being stopped by Officer David Morales for disorderly conduct. Rivenburgh moved to suppress all evidence seized as a result of her arrest contending the stop was conducted without a valid warrant, probable cause or reasonable suspicion in violation of her constitutional rights. At the suppression hearing, Officer Morales testified that Rivenburgh was stopped at a red light, and when the light turned green, people started honking because Rivenburgh was holding up traffic. Officer Morales further testified that he saw Rivenburgh make a vulgar gesture with her middle finger and mouth an obscenity in her rear view mirror. Officer Morales testified that in his experience as a police officer, such a gesture can cause fights and criminal mischief. Officer Morales then stated he

proceeded to stop Rivenburgh for the offense of disorderly conduct.

## DISCUSSION

 The standard for reviewing a trial court's ruling at a suppression hearing is the same whether the trial court granted or denied the motion to suppress. *State v. Johnson*, 896 S.W.2d 277, 280 (Tex.App.—Houston [1st Dist.] 1995, pet. granted). At the suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may choose to believe or disbelieve any or all of a witness' testimony. *Alvarado v. State*, 853 S.W.2d 17, 23 (Tex.Crim.App.1993); *Allridge v. State*, 850 S.W.2d 471, 492 (Tex. Crim.App.1991), *cert. denied*, 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993). In the instant case, the trial court did not enter findings of fact.[1] Therefore, we must presume the trial court made the findings necessary to support its ruling, provided that the findings are supported by the record. *Ice v. State*, 914 S.W.2d 694, 695–96 (Tex.App.— Fort Worth 1996, no pet.); *State v. Johnson*, 896 S.W.2d at 282; *see also DuBose v. State*, 915 S.W.2d 493, 497 & n. 5 (Tex.Crim.App. 1996) (inferring findings in favor of ruling). The trial court's ruling will only be reversed on appeal if no reasonable view of the record can support the trial court's conclusion under the correct law as applied to the facts viewed in the light most favorable to its legal conclusion. *DuBose*, 915 S.W.2d at 497–98.

The State argues that the instant case presented the issue of whether the officer had reasonable suspicion to stop Rivenburgh to investigate. We disagree. Officer Morales testified that he stopped Rivenburgh for the offense of disorderly conduct. At the time she was stopped, there was no further investigation to be undertaken. Either Rivenburgh had committed the offense prior to being stopped by the officer, or she had not. Therefore, the issue confronted by the trial court was whether Officer Morales had probable cause to arrest Rivenburgh without a warrant. *See Whren v. United States*, ——

---

1. Although we acknowledge that such findings of fact were not required, we note that they would have been helpful in reviewing the trial court's decision on appeal. *See Guerra v. State*, 760

S.W.2d 681, 691 (Tex.App.—Corpus Christi 1988, pet. ref'd)(findings and conclusions not required unless voluntariness of a confession is challenged).

U.S. ——, —— – ——, 116 S.Ct. 1769, 1776–77, 135 L.Ed.2d 89 (1996) (issue where stop followed observed traffic violation was whether probable cause existed).

■ A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977). In order to justify a warrantless arrest, the officer need not determine whether an offense has in fact been committed, but rather the State need only prove that probable cause existed. *Carlock v. State,* 609 S.W.2d 787, 790 (Tex.Crim.App.1980); *Segura v. State,* 826 S.W.2d 178, 182 (Tex.App.—Dallas 1992, pet. ref'd). Probable cause exists when the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man to believe that the arrested person had committed or was committing an offense. *Segura,* 826 S.W.2d at 182; *Troncosa v. State,* 670 S.W.2d 671, 676 (Tex.App.—San Antonio 1984, no pet.).

■ A person commits the offense of disorderly conduct if: (1) he intentionally and knowingly makes an offensive gesture or display in a public place; and (2) the gesture or display tends to incite an immediate breach of the peace. Tex. Penal Code Ann. § 42.01(a)(2) (Vernon 1994). In order to pass constitutional muster, the offensive gesture or display must amount to "fighting words." *Ross v. State,* 802 S.W.2d 308, 315 (Tex.App.—Dallas 1990, no pet.); *see also Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 785 (Tex.App.—El Paso 1996, writ requested). In general, the issue of whether particular words constitute "fighting words" is a question of fact. *Duran,* 921 S.W.2d at 785. Language which is merely harsh and insulting does not generally rise to the level of "fighting words;" derisive or annoying words only rise to such level when they plainly tend to excite the addressee to a breach of the peace. *Id.*

■ Only one witness testified at the suppression hearing. Officer Morales testified that Rivenburgh made an offensive gesture with her middle finger on a public street. In addition, Officer Morales testified that in his experience as a police officer, such a gesture can cause fights and criminal mischief and that the honking continued after the gesture was made.

The trial judge was then called upon to determine whether these facts would warrant a prudent man to believe that Rivenburgh had committed the offense of disorderly conduct. We presume the trial court applied the elements of the offense of disorderly conduct to the facts and found that a prudent man would not believe that Rivenburgh had committed the offense.

The trial judge was free to disbelieve any or all of the testimony of Officer Morales. *See State v. Johnson,* 896 S.W.2d at 293 (trial judge may disbelieve unimpeached police officer). While we cannot find a reason to disbelieve the officer's uncontradicted testimony from the cold record, we must defer to the trial court's assessment of the officer's credibility. We find that the record could reasonably be viewed as supporting the trial court's conclusion when viewed in the light most favorable to that conclusion. *See DuBose,* 915 S.W.2d at 497–98. Though it may even rise to the level of common knowledge that this gesture and these words mouthed by a Texas motorist has led to breaches of the peace and even the loss of life, the trial court could have found that the gesture did not tend to incite an immediate breach of the peace at this time and place. Alternatively, the trial court may have believed the incident never occurred because the officer's testimony was entirely unworthy of belief based solely on the demeanor of Officer Morales as he testified, even though no witness contradicted him and defense counsel did not appear to take the position that Rivenburgh did not make the gesture or mouth the words.[2]

---

**2.** In a supplemental letter brief, the State cites the decision in *Ornelas v. United States,* —— U.S. ——, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), to support the proposition that the proper standard of review is de novo. Although *Ornelas* does

hold that the ultimate determination of whether probable cause or reasonable suspicion exists under the facts is to be reviewed de novo, the court further "hasten[s] to point out that a reviewing court should take care both to review

■ The State also contends that Officer Morales was justified in stopping Rivenburgh for a traffic offense. Specifically, the State asserts Rivenburgh had violated § 170(a) of article 6701d of the Texas Revised Civil Statutes which prohibits an operator from driving so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law. Acts 1963, 58th Leg., p. 455, ch. 161, § 1, repealed by Act 1995, 74th Leg., R.S., ch. 165, § 1 (current version TEX. TRANS. CODE ANN. § 545.363(a) (Vernon Supp.1996))(former version TEX.REV. CIV. STAT. ANN. art. 6701d, § 170(a) (Vernon 1977)). As previously noted, Officer Morales must have had probable cause to believe this offense had been committed in order to justify stopping Rivenburgh.

Officer Morales testified that the light at the intersection turned green, and people were honking. Instead of proceeding through the intersection, Rivenburgh remained stationary and made a vulgar gesture and mouthed a profanity at the driver of the car behind her.

Although we recognize that a driver can violate former § 170(a) of article 6701d by stopping his or her car and impeding the flow of traffic, *see Green v. State,* 773 S.W.2d 816, 819 (Tex.App.—San Antonio 1989, no pet.), whether Rivenburgh's delay in the instant case was sufficient to impede traffic is a factual issue to be determined by the trial court as the trier of fact at a suppression hearing. In the absence of findings of fact, we must presume the trial court made the findings necessary to support its ruling. Therefore, we presume the trial court found the facts were not sufficient to warrant a

prudent man to believe Rivenburgh violated the statute by impeding traffic. *See Segura,* 826 S.W.2d at 182; *Troncosa,* 670 S.W.2d at 676. Viewing the record in the light most favorable to the trial court's conclusion, we find the record supports that conclusion.[3] *DuBose,* 915 S.W.2d at 497–98.

## CONCLUSION

The trial court's suppression order is affirmed.

findings of historical fact only for clear error [or abuse of discretion] and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." —— U.S. at ——, ——, n. 3, 116 S.Ct. at 1663, 1661, n. 3. Therefore, *Ornelas* and *DuBose* are consistent in holding that we are to defer to the trial court's determination of the historical facts. *Compare* —— U.S. at ——, 116 S.Ct. at 1663 *with* 915 S.W.2d at 497–98. Since our holding rests on our deference to the trial court's factual findings, we need not consider the conflicting standards of review presented in comparing *Ornelas* and *DuBose* with regard to reviewing the legal conclusion drawn from the facts. *Compare* ——

U.S. at ——, 116 S.Ct. at 1663 (de novo standard) *with* 915 S.W.2d at 497–98 (abuse of discretion standard). By deferring to the trial court's factual determination, our decision would be the same under either standard.

3. Although this legal theory was not directly argued to the trial court, we note that Officer Morales did not testify as the length of time Rivenburgh remained stationary at the light. *But see Whren v. United States,* —— U.S. at ——, 116 S.Ct. at 1772 (stop justified where car delayed twenty seconds, turned without signalling and sped off at unreasonable speed).