TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00472-CR







Frank Gonzales Marquez, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY

NO. 450,263, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING





 After the trial court denied Appellant Frank Gonzales Marquez's pretrial motion to
suppress evidence, Marquez pleaded nolo contendere to the offense of driving while intoxicated. See Tex.
Penal Code § 49.04 (West 1994). He appeals the trial court's judgment of conviction, alleging the trial
court erroneously denied his motion. We will affirm the judgment of the trial court.


BACKGROUND

 On November 10, 1995, Texas Department of Public Safety Trooper RenEarl Bowie was
in his vehicle stopped at a red light. Another car came to a stop in the lane next to him, and Marquez's car
came to a stop behind that car. According to Trooper Bowie, Marquez had been following the car in front
of him too closely, in violation of a traffic law. See Tex. Transp. Code Ann. § 545.062(a) (West Supp.
1997). Bowie directed Marquez to pull over, determined that Marquez had been driving under the
influence of alcoholic beverages, and arrested him without a warrant.

 In a pretrial motion to suppress, Marquez challenged the admissibility of evidence obtained
as a result of the stop. According to Marquez, Trooper Bowie did not have probable cause (1) to stop him. 
Trooper Bowie testified at a hearing that he initially stopped Marquez for failing to maintain a safe distance
behind the car in front of him. Based on Bowie's testimony, the trial court denied Marquez's motion. 
Marquez subsequently pleaded guilty and was placed on community supervision for a period of two years. 
Marquez appeals this conviction in one point of error.


DISCUSSION

 Marquez contends the trial court erred in denying his motion to suppress because the State
failed to prove that Trooper Bowie had probable cause to stop him. Specifically, Marquez alleges the State
did not prove specific facts to support Bowie's conclusion that Marquez was following too closely behind
the car in front of him. According to Marquez, the trial court's ruling cannot stand in the absence of
evidence of such facts.

 The parties disagree as to what standard we should apply in reviewing the trial court's
probable cause determination. The State argues we should limit our review to a determination of whether
the trial court abused its discretion. See DuBose v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996). 
Marquez, on the other hand, contends we should review the trial court's determination de novo. See
Ornelas v. United States, ____ U.S. ____, 116 S. Ct. 1657, 1661-62 (1996). This case does not
require us to decide the issue, however, because we conclude the trial court properly determined probable
cause existed, even under the more stringent de novo standard.

 In proving probable cause existed, the State bore the burden of establishing that Trooper
Bowie observed specific facts sufficient to justify a reasonable person in believing an offense was being
committed in his view. See Britton v. State, 578 S.W.2d 685, 686 (Tex. Crim. App. 1978); Roberts v. 
State, 545 S.W.2d 157, 158-59 (Tex. Crim. App. 1977). In order to determine that an officer had
probable cause to act, a court must have sufficient information to support an independent judgment that the
act was reasonably justified. Cf. Sharp v. State, 677 S.W.2d 513, 517 (Tex. Crim. App. 1984)
(discussing requirement that court make independent determination of probable cause for issuance of an
arrest warrant).

 Trooper Bowie testified he thought Marquez had committed the offense of failing to
maintain an adequate following distance. The statute that sets out the offense reads as follows:


An operator shall, if following another vehicle, maintain an assured clear distance between
the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions
of the highway, the operator can safely stop without colliding with the preceding vehicle
or veering into another vehicle, object, or person on or near the highway.



Tex. Transp. Code Ann. § 545.062(a) (West Supp. 1997). In order to have probable cause to believe
Marquez had committed this offense, Bowie would have had to observe specific facts that led him to
believe Marquez could not safely stop without colliding with something. In evaluating whether Marquez
was driving safely as the word is used in the statute, Bowie would have had to consider the speed of the
vehicles, traffic conditions, and road conditions. In other words, these are the specific facts upon which
Bowie was to base his probable cause determination.

 The record sufficiently supports an independent determination that Bowie reasonably
believed Marquez had committed the offense in question. Bowie testified that the incident occurred in
Austin, Texas, on William Cannon Boulevard, one block west of Interstate Highway 35. It is reasonable
to assume that the road supports a significant amount of traffic because of its proximity to a major highway. 
Bowie testified the actual distance between the cars was "approximately three to five." Although Bowie
did not clarify a unit of measure, we can reasonably assume he was speaking in terms of feet. Even the
defense counsel in his argument assumed Bowie meant Marquez's car was three to five feet away from
the other car. Furthermore, Bowie answered affirmatively to the prosecutor's question ". . . was it your
opinion that the defendant would be traveling at that distance at the speed they were traveling, that he might
be unable to move his car to a stop without colliding with the vehicle in front of his. . ." The information
conveyed by Trooper Bowie's testimony was sufficient to support the conclusion that Bowie reasonably
believed Marquez had followed the other car too closely within the meaning of Texas Transportation Code
section 545.062(a). In other words, Bowie's testimony supports a determination that he had probable
cause to stop Marquez. Accordingly, we overrule Marquez's sole point of error.


CONCLUSION

 Having concluded that the trial court properly denied Marquez's motion to suppress the
evidence obtained as a result of the traffic stop, we affirm the trial court's judgment.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: June 26, 1997

Do Not Publish

1. Both the State and Marquez agree that the officer needed probable cause, rather than reasonable
suspicion, to stop Marquez because the officer did not stop Marquez to investigate a crime, but in response
to a traffic violation. See Praska v. State, 557 S.W.2d 83, 86 (Tex. Crim. App. 1977); State v.
Rivenburgh, 933 S.W.2d 698, 699-701 (Tex. App.--San Antonio 1996, no pet.). 


 our review to a determination of whether
the trial court abused its discretion. See DuBose v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996). 
Marquez, on the other hand, contends we should review the trial court's determination de novo. See
Ornelas v. United States, ____ U.S. ____, 116 S. Ct. 1657, 1661-62 (1996). This case does not
require us to decide the issue, however, because we conclude the trial court properly determined probable
cause existed, even under the more stringent de novo standard.

 In proving probable cause existed, the State bore the burden of establishing that Trooper
Bowie observed specific facts sufficient to justify a reasonable person in believing an offense was being
committed in his view. See Britton v. State, 578 S.W.2d 685, 686 (Tex. Crim. App. 1978); Roberts v. 
State, 545 S.W.2d 157, 158-59 (Tex. Crim. App. 1977). In order to determine that an officer had
probable cause to act, a court must have sufficient information to support an independent judgment that the
act was reasonably justified. Cf. Sharp v. State, 677 S.W.2d 513, 517 (Tex. Crim. App. 1984)
(discussing requirement that court