IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40143
Summary Calendar
_____

AMANDA L. PREWETT; BRYAN M. PREWETT,

Plaintiffs-Appellees,

versus

CITY OF PALESTINE, Etc.; ET AL,

Defendants,

SHELBY GREEN, In his individual and official capacity;
BRENDA GRAY, In her individual and official capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-70
_____

November 20, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Shelby Green and Brenda Gray, police officers in Palestine, Texas, appeal the

district court's denial of their Fed. R. Civ. P. Rules 12(b)(6) and (7) motion to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismiss.  The officers contend that they are entitled to qualified immunity in the 42 U.S.C. § 1983 complaint.

We may exercise jurisdiction when qualified immunity is denied pursuant to a Rule 12(b)(6) motion to dismiss.[1]  We review the district court's ruling *de novo*, accepting the allegations of the plaintiff's complaint as true.[2]  We review claims of qualified immunity under a two-step analysis.[3]  Our review of the briefs, pertinent record excerpts, and controlling jurisprudence persuades that the officers have failed to show that they had probable cause to arrest the Prewetts for disorderly conduct; therefore, they are not entitled to qualified immunity.[4]

The Motion to Dismiss for lack of jurisdiction which was ordered carried with the case is DENIED.  The judgment appealed is AFFIRMED.

---

[1]Morin v. Caire, 77 F.3d 116 (5th Cir. 1996); see also Doe v. Hillsboro Independent School Dist., 81 F.3d 1395 (5th Cir. 1996).

[2]Jackson v. City of Beaumont Police Dep't, 958 F.2d 616 (5th Cir. 1992); McCormack v. National Collegiate Athletic Ass'n, 845 F.2d 1338 (5th Cir. 1988).

[3]Siegert v. Gilley, 500 U.S. 226, 231-32 (1991); Jones v. City of Jackson, 203 F.3d 875 (5th Cir. 2000).

[4]State v. Rivenburgh, 933 S.W.2d 698 (Tex. App. 1996); Spiller v. City of Texas City, 130 F.3d 162 (5th Cir. 1997).