11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

William M. Bedford

Appellant

Vs.                   No.
11-02-00025-CR --  Appeal
from Harris County

State of Texas

Appellee

 

Appellant pleaded guilty to the misdemeanor
offense of possession of marihuana pursuant to a plea agreement.   The trial court assessed his punishment at
confinement in the Harris County Jail for a term of 50 days.  Appellant presented a motion to suppress
evidence to the trial court prior to the entry of his guilty plea.  He attacks the trial court=s denial of the motion to
suppress in his sole issue on appeal. 
We affirm.

In reviewing a trial court's ruling on a motion to
suppress, appellate courts must give great deference to the trial court's
findings of historical facts as long as the record supports the findings.
Guzman v. State, 955 S.W.2d 85 (Tex.Cr.App.1997).  We must afford the same amount of deference to the trial court's
rulings on Amixed questions of law and fact,@ such as the issue of probable
cause, if the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor.  Guzman v.
State, supra at 89.  Appellate courts,
however, review de novo “mixed questions of law and fact” not falling within
the previous category. Guzman v. State, supra at 89.   When faced with a mixed question of law and fact, the critical
question under Guzman is whether the ruling "turns" on an
evaluation of credibility and demeanor. 
Loserth v. State, 963 S.W.2d 770, 773 (Tex.Cr.App.1998).  A question "turns" on an evaluation
of credibility and demeanor when the testimony of one or more witnesses, if
believed, is always enough to add up to what is needed to decide the
substantive issue.  Loserth v. State,
supra.   We must view the record in the
light most favorable to the trial court's ruling and sustain the trial court's
ruling if it is reasonably correct on any theory of law applicable to the
case.  Guzman v. State, supra.








The arresting officer testified that he was
working as a security officer in a private parking lot of a night club when the
incident in question occurred.   He
observed appellant, a frequent customer of the club, pull into the parking
lot.  Appellant subsequently began
arguing with the parking lot attendant with respect to whether or not appellant
had to pay to park in the lot.  The
arresting officer was standing approximately 20 feet away during this
argument.  The officer described
appellant as being very upset, abusive, hostile, and combative during this
confrontation.  The officer instructed
appellant that he needed to calm down and that he would be arrested if he did not
do so.  Appellant then directed his
verbal assault on the officer whereupon the officer advised appellant that he
was under arrest.   Appellant ignored
the officer=s
instruction by attempting to get back inside of  his car.  The officer then
approached the vehicle to place appellant under arrest.  The officer testified that he smelled burnt
marihuana near the car as he placed appellant in custody.  The officer subsequently found marihuana in
a door pocket on the driver=s
door. 

Appellant argues on appeal that the marihuana was
seized as a result of an improper inventory search.    The State contends that the seizure was the result of a lawful
search incident to arrest.  The disputed
positions are the result of a discrepancy in the officer=s testimony regarding the first time he
detected the smell of burnt marihuana and the type of search he was conducting
at the time marihuana was found.   As
per the authorities cited above, we must presume that the trial court resolved
the discrepancies consistent with the court=s
ruling.  Furthermore, we must defer to
the trial court=s
determination regarding any discrepancies in the officer=s testimony. 
We conclude that the record supports the trial court=s implied finding that a
lawful search incident to arrest occurred. 









TEX. CODE CRIM. PRO. ANN. art. 14.01(b) (Vernon
1977) provides that a peace officer may arrest an offender without a warrant
for any offense committed in his presence or within his view.  An officer must have probable cause to
arrest a defendant without a warrant. 
See State v. Ballard, 987 S.W.2d 889, 892 (Tex.Cr.App.1999).  Once he has probable cause to arrest, an
officer may search the passenger compartment of a vehicle as a search incident
to arrest.  See State v. Ballard, supra
at 892.  Probable cause for an arrest
exists where, at that moment, facts and circumstances within the knowledge of
the arresting officer, and of which he has reasonably trustworthy information,
would warrant a reasonably prudent person in believing that a particular person
has committed or is committing a crime. 
See State v. Ballard, supra at 892. 

The arresting officer testified that he arrested
appellant for violating a local ordinance prohibiting abusive language.[1]  The State argues on appeal that appellant
was also subject to arrest for disorderly conduct.  A person commits the offense of disorderly conduct if he
intentionally and knowingly uses abusive, indecent, profane, or vulgar language
in a public place and if the language by its very utterance tends to incite an
immediate breach of the peace.  TEX.
PENAL CODE ANN. '
42.01(a)(1)  (Vernon Supp. 2002).  In order to pass constitutional muster, the
offensive words must amount to Afighting
words.@  Ross v. State, 802 S.W.2d 308, 315 (Tex.App.
B Dallas 1990, no pet=n). Fighting words are only
those words which by their very utterance inflict injury or tend to incite an
immediate breach of the peace.  The test
is what men of common intelligence would understand would be words likely to
cause an average addressee to fight. 
Ross v. State, supra at 314-15. 
The issue of whether particular words constitute fighting words is a
question of fact.  State v. Rivenburgh,
933 S.W.2d 698, 701 (Tex.App. B
San Antonio 1996, no pet=n).  

The arresting officer testified that he observed
appellant argue with the parking lot attendant in a very abusive and combative
manner.   Appellant used the words
m----rf----r and b--ls--t in arguing with the attendant and the arresting
officer.  Appellant refused to calm down
when instructed to do so and in spite of being warned that he would be arrested
if he did not stop.  We conclude that
the trial court was justified in determining that a prudent man would believe
that appellant had committed the offenses of disorderly conduct and use of
abusive language.  








Moreover, it is well established that a
warrantless search of an automobile is not unreasonable under the fourth
amendment when there is probable cause to believe the vehicle contains
contraband or evidence of a crime.  See
Powell v. State, 898 S.W.2d 821, 827 (Tex.Cr.App.1994).  The smell of burnt marihuana by a trained
officer provides, in itself, probable cause to search a vehicle.  See Moulden v. State, 576 S.W.2d 817, 819-20
(Tex.Cr.App.1978).   The arresting
officer=s detection of
the smell of burnt marihuana near appellant=s
car constituted probable cause for his search of the car for marihuana.  Appellant sole issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

August 15, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Police are not prohibited by the fourth amendment from
making a warrantless custodial arrest for minor criminal offenses punishable by
fine only.  Atwater v. City of Lago
Vista, 532 U.S. 318 (2001).