169 S.W.3d 459 (2005)
In the Matter of K. H., a Child.
No. 06-04-00103-CV.
Court of Appeals of Texas, Texarkana.
Submitted March 25, 2005.
Decided July 26, 2005.
*461 Tim Cone, Gilmer, for Appellant.
William M. Jennings, District Attorney, Ray Bowman, Assistant District Attorney, Longview, for Appellee.
Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION
Opinion by Justice ROSS.
K. H., a twelve-year-old boy, appeals from his adjudication for the offense of retaliation. A jury found that K.H. engaged in delinquent conduct, and at a later disposition hearing, the trial court committed K.H. to the Texas Youth Commission. K.H. contends on appeal the evidence is legally and factually insufficient to prove he committed the criminal act.
Proceedings brought under the Texas Juvenile Justice Code, Title 3 of the Texas Family Code, are hybrid actions. They are brought as civil proceedings, but *462 are "quasi-criminal" in nature.[1] As noted by the San Antonio court in In re K.T., 107 S.W.3d 65, 67 (Tex.App.-San Antonio 2003, no pet.), the language used to describe the proceedings are euphemisms to describe juvenile proceedings that are parallel to criminal proceedings: the adjudication is the trial, while the disposition is equivalent to a sentencing proceeding. Nonetheless, the result of applying euphemisms, however well-intended, can be confusing.
Under the applicable statutes and caselaw, civil and criminal rules apply at different stages of the same proceeding. Section 51.17 of the Family Code provides that the Texas Rules of Civil Procedure shall apply, the Texas Code of Criminal Procedure and the applicable criminal caselaw shall govern the discovery process, and the Texas Rules of Evidence (as applied to criminal cases) shall be used during the judicial proceeding. TEX. FAM.CODE ANN. § 51.17 (Vernon Supp.2004-2005). Section 54.03 of the Family Code provides that the burden of proof in an adjudication hearing is the criminal burden: beyond a reasonable doubt. TEX. FAM.CODE ANN. § 54.03 (Vernon Supp.2004-2005). If the trier of fact determines the juvenile engaged in delinquent conduct, a separate disposition hearing is conducted subsequent to the adjudication hearing. TEX. FAM.CODE ANN. §§ 54.03(h), 54.04 (Vernon Supp.2004-2005). It is clear that, in reviewing the disposition portion of the proceeding, we determine whether the trial court abused its discretion in the disposition of the juvenile. We do not disturb the juvenile court's disposition order in the absence of an abuse of discretion. In re H.R.C., 153 S.W.3d 266, 269 (Tex.App.-El Paso 2004, no pet.); In re J.D.P., 85 S.W.3d 420, 426 (Tex.App.-Fort Worth 2002, no pet.); In re J.R., 907 S.W.2d 107, 110 (Tex.App.-Austin 1995, no writ); In re E.F., 535 S.W.2d 213, 215 (Tex.Civ.App.-Corpus Christi 1976, no writ).
The result of this patchwork arrangement is, predictably, a certain lack of clarity among courts reviewing different stages of the process about the standards to be applied. It is within this context that we address an appeal brought solely on the adjudication portion of the process.
In reviewing the adjudication itself, and the findings made as a result of the adjudication, most courts apply a criminal legal/factual sufficiency review. Even though the appeal of juvenile court orders are generally treated as civil cases, adjudications of delinquency in juvenile cases are statutorily based on the criminal standard of proof. See TEX. FAM.CODE ANN. § 54.03(f). Thus, an adjudication should be reviewed by applying the same standards applicable to sufficiency of the evidence challenges in criminal cases. In re J.B.M., 157 S.W.3d 823 (Tex.App.-Fort Worth 2005, no pet.); In re N.M.K., 137 S.W.3d 696, 697 (Tex.App.-Eastland 2004, no pet.); In re Z.L.B., 115 S.W.3d 188, 190 (Tex.App.-Dallas 2003, no pet.); In re M.C.L., 110 S.W.3d 591, 594 (Tex.App.-Austin 2003, no pet.).
When both legal and factual sufficiency are challenged, we first determine whether the evidence is legally sufficient *463 to support the verdict. Rivera v. State, 59 S.W.3d 268, 273 (Tex.App.-Texarkana 2001, pet. ref'd). It is only if we find the evidence legally sufficient that we then consider the factual sufficiency challenge. In other words, if we find the evidence legally insufficient, we need not address the factual sufficiency challenge.[2]
In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.2000).
In this case, K.H. was charged with the offense of retaliation pursuant to Section 36.06 of the Penal Code. That statute provides, in relevant part, as follows:
(a) A person commits an offense if he intentionally or knowingly. . . threatens to harm another . . .:
(1) in retaliation for or on account of the . . . status of another as a:
(A) . . . witness, prospective witness, . . .; or
(B) person . . . who the actor knows intends to report the occurrence of a crime; or
(2) to prevent or delay the service of another as a:
. . . .
(B) person . . . who the actor knows intends to report the occurrence of a crime.
TEX. PEN.CODE ANN. § 36.06 (Vernon Supp.2004-2005).
The State's evidence showed that K.H. possessed a gun on school premises and displayed that gun to C. J., and told C.J. he would use the gun if C.J. told anyone about it. The evidence further showed that, while the gun had the appearance of a firearm, it was, in fact, an inoperable pellet gun.
The State's petition accused K.H. of threatening to harm C.J. "in retaliation for or on account of the status of [C.J.] as a person who was a witness to a crime, the same being a Third Degree felony if committed as an adult." Alternatively, the State accused K.H. of threatening to harm C.J. "to prevent and delay the service of [C.J.] as a person who [K.H.] knew intended to report the occurrence of a crime, the same being a Third Degree felony if committed as an adult." The jury charge explicitly sets out both options and then goes on to authorize the jury to find K.H. guilty beyond a reasonable doubt, "as alleged in the Petition."
As we will discuss later, the first accusation is not actionable under the retaliation statute. The statute does not contemplate that the offense occurs if an actor threatens a person because such person is a witness to a crime, but instead because the person is a witness at trial. However, we *464 first address the contention common to both accusations.
In his argument under both accusations, K.H. contends that, because each of the underlying accusations alleged he had committed a crime, and because there was no evidence he had committed such a crime, the State failed to meet its burden of proof and the evidence cannot support the finding in the adjudication that he was guilty. We agree.
The question raised under both the first and second accusations is whether the statute requires the state to show that the actor actually committed a crime, or if it was sufficient that the person thought the act reported was a crime. Neither party has directed us to any cases directly on point, and we have found none.[3]
The plain language of the statute applies solely to the occurrence of "a crime." It does not implicate an act that a person might reasonably believe to be a crime. The evidence is undisputed that K.H. took an inoperable pellet gun to school. K.H. was not charged with a crime in connection with this act, and there was no suggestion or any proof that the act was, in fact, a crime. The State's petition did not identify "the crime."
The crime suggested by the State in its closing argument to the jury is possessing a weapon on the premises of a school, a violation of TEX. PEN.CODE ANN. § 46.03 (Vernon Supp.2004-2005). While that offense is one punishable as a third degree felony, it expressly describes a firearm as the kind of gun prohibited on school premises. A firearm is "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." TEX. PEN.CODE ANN. § 46.01(3) (Vernon 2003). James Mathis, the police officer who seized the pellet gun from K.H.'s backpack, agreed in his testimony that the pellet is propelled from this gun by compressed air. K.H. clearly did not violate this statute.
"The crime" also could not have been unlawfully carrying a handgun, in violation of TEX. PEN.CODE ANN. § 46.02 (Vernon 2003), as a handgun is defined as "any firearm that is designed, made, or adapted to be fired with one hand." TEX. PEN.CODE ANN. § 46.01(5) (Vernon 2003).
The State suggests in its brief K.H. could have been charged with the offense of disorderly conduct and correctly writes, "It is disorderly conduct, and a crime, to display a firearm or other deadly weapon in a public place in a manner calculated to alarm." See TEX. PEN.CODE ANN. § 42.01(a)(8) (Vernon Supp.2004-2005). "Deadly weapon" is defined as:
(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or
(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.
TEX. PEN.CODE ANN. § 1.07(a)(17) (Vernon Supp.2004-2005).
As stated above, the gun in this case clearly was not a firearm. And, while the State may have been able to prove K. H.'s gun was "capable of causing . . . serious bodily injury,"[4] the record in this case is devoid of any such evidence. The State *465 cites Corte v. State, 630 S.W.2d 690, 691-92 (Tex.App.-Houston [1st Dist.] 1981, pet. ref'd), for the proposition that even an unloaded pellet gun can be a deadly weapon. In that case, however, the First court pointed out that an investigator testified the gun used "was capable of inflicting serious bodily injury." We have no such evidence in the instant case.
We are constrained by the language of the Penal Code, and we cannot stretch its language to make "reasonably believed to be a crime" equivalent to "a crime." We find the evidence legally insufficient to prove that an underlying crime existed.
There is a separate problem with the first allegation in the petition, also requiring reversal on that accusation. Even if we assumed the existence of an underlying crime, the State was required to prove C.J. was a "witness or prospective witness" as contemplated by the statute. See TEX. PEN.CODE ANN. § 36.06(a)(1)(A). The State's petition alleged the offense was committed due to C.J.'s status as "a witness to a crime." The statute criminalizes retaliation against a person who is a witness in court. The two terms are not interchangeable.
In this context, the Texas Court of Criminal Appeals defines the term "witness" as "one who has testified in an official proceeding." Jones v. State, 628 S.W.2d 51, 55 (Tex.Crim.App. [Panel Op.] 1980); accord Morrow v. State, 862 S.W.2d 612, 614 (Tex.Crim.App.1993); see In re B.P.H., 83 S.W.3d 400, 407-08 (Tex.App.-Fort Worth 2002, no pet.).
A "prospective witness" is one who may testify in an official proceeding. Ortiz v. State, 93 S.W.3d 79, 86 (Tex.Crim.App.2002); see Morrow v. State, 862 S.W.2d 612, 614 (Tex.Crim.App.1993). A person who witnesses an offense, but who has not yet testified in a trial involving that offense, is also a prospective witness. Morrow, 862 S.W.2d at 614; see also Ortiz, 93 S.W.3d at 86 ("Any person who is involved in an offense with a defendant, who sees the defendant committing an offense, or who hears the defendant discuss committing an offense is a `prospective witness' in the prosecution of that defendant because he `may' testify."); Stewart v. State, 137 S.W.3d 184, 187 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd). The State's petition in this case, however, did not allege C.J. was a "prospective witness."
The State has directed us to our opinion in Solomon v. State, 830 S.W.2d 636 (Tex.App.-Texarkana 1992, pet. ref'd), to support its position that the crime of retaliation was committed because C.J. could have been a witness in a number of different ways. Our opinion does so hold, but in connection with the separate portion of Section 36.06(a)(1)(A), which describes a "prospective witness," not a witness, and the charging instrument in Solomon also correctly alleged a threat against a person who was a prospective witness in court, not a witness to an act.
K.H. contends there is no evidence to support the jury's finding that he threatened C.J. in retaliation for the status of C.J. as a witness. He is correct; there is no evidence to support that finding. The contention is sustained.
The State also argues in the alternative that, if we conclude the evidence is insufficient, then a second charge of terroristic threat made against K. H., which was not reached by the jury, should be treated as a lesser included offense, and we should reform the judgment to find K.H. guilty of the lesser offense. Terroristic threat is committed when:
(a) A person . . . threatens to commit any offense involving violence to any person or property with intent to:

*466 . . . .
(2) place any person in fear of imminent serious bodily injury.
TEX. PEN.CODE ANN. § 22.07 (Vernon Supp.2004-2005).
We first address the question posed in the second ground for review stated above. A defendant is entitled to a lesser included offense instruction in the jury charge if (1) the requested charge is a lesser included offense of the offense charged, and (2) there is some evidence that, if the defendant is guilty, he or she is guilty only of the lesser offense. To determine if an offense is a lesser included offense, we look to Article 37.09 of the Code of Criminal Procedure, which states in relevant part: "An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Tex.Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); see Irving v. State, 161 S.W.3d 503 (Tex.Crim.App., 2005).
Several courts have held that terroristic threat is not a lesser included offense of retaliation because retaliation does not require that the actor threaten with the intent to place a person in fear of imminent serious bodily injury. See Coward v. State, 931 S.W.2d 386, 389 (Tex.App.-Houston [14th Dist.] 1996, no pet.); Davis v. State, 890 S.W.2d 489, 492 (Tex.App.-Eastland 1994, no pet.); see also Helleson v. State, 5 S.W.3d 393, 396 (Tex.App.-Fort Worth 1999, pet. ref'd).[5] Retaliation requires nothing other than a threat to harm. Terroristic threat requires much more, a threat intended to place a person in fear of "imminent bodily injury." This is the reverse of a lesser included offense situation, for terroristic threat requires proof of a higher level of threat than does retaliation. Thus, we do not believe that this greater level of threat could be subsumed within the lesser amount required by retaliation. Even if the evidence could have supported such a result, the jury did not pass on the greater level, and in the absence of uncontroverted, unchallenged evidence, we could not put ourselves in the place of the fact-finder and so find for the first time at this level of review.
When we find legally insufficient evidence to support a judgment, we typically reverse and render. In this case, however, at the time of the adjudication and disposition sending K.H. to the Texas Youth Commission, he was already on probation for a prior act, and further action by the trial court will be required to effectuate our judgment.
For the reasons set forth above, we reverse the judgment and remand the case for further proceedings in accordance with this opinion.
NOTES
[1] In re J.K.R., 986 S.W.2d 278, 280-81 (Tex.App.-Eastland 1998, pet. denied); In re R.S.C., 940 S.W.2d 750, 751 (Tex.App.-El Paso 1997, no writ); In re D.S., 921 S.W.2d 860, 861 (Tex.App.-San Antonio 1996, no writ); In re J.R., 907 S.W.2d 107, 109 (Tex.App.-Austin 1995, no writ); C.E.J. v. State, 788 S.W.2d 849, 852 (Tex.App.-Dallas 1990, writ denied); see In re D.A.S., 973 S.W.2d 296, 299 (Tex.1998) (recognizing consequences of adjudication of delinquency and loss of liberty by juvenile may be comparable to felony conviction); In re M.A.F., 966 S.W.2d 448, 450 (Tex.1998) (recognizing that juvenile cases are quasi-criminal in nature).
[2] Under the authority of In re M.R., 858 S.W.2d 365, 366 (Tex.1993), most courts of appeals require a motion for new trial raising a factual sufficiency challenge before the party may challenge the factual sufficiency of the evidence in a juvenile adjudication hearing. See In re J.A.A., No. 10-03-012-CV, 2003 WL 23120184, at *1, 2003 Tex.App. LEXIS 10880, at *1 (Tex.App.-Waco Dec.31, 2003, no pet.) (mem.op.) (motion for new trial raising factual sufficiency challenge required); In re E.U.M., 108 S.W.3d 368, 371-72 (Tex.App.-Beaumont 2003, no pet.) (motion for new trial raising factual sufficiency challenge required); In re D.T.C., 30 S.W.3d 43, 51 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (indicating that motion for new trial raising factual sufficiency challenge required). Contra In re J.L.H., 58 S.W.3d 242, 245 (Tex.App.-El Paso 2001, no pet.). In this case, K.H. did not file a motion for new trial.
[3] Taken to its logical conclusion, K.H. argues that, if there is no conviction for the underlying crime, then under the express language of the statute, any behavior by the actor toward a witness or prospective witness is irrelevant.
[4] See Adame v. State, 69 S.W.3d 581, 582 (Tex.Crim.App.2002).
[5] Compare Zorn v. State, ___ S.W.3d ___, ___, No. 12-01-00111-CR, 2002 WL 841146, at *1, 2002 Tex.App.-Tyler Apr.30, 2002, pet. granted). In that case, the Tyler court applied Cunningham v. State, 726 S.W.2d 151, 154-55 (Tex.Crim.App.1987), for the proposition that, if the facts required to satisfy the elements of the greater offense can be used to satisfy the dissimilar element of the lesser offense, then that offense is properly categorized as a "lesser included offense" of the greater offense, and decided it would address the question on a case-by-case basis. Id.