257 S.W.3d 523 (2008)
In the Matter of E.P., A Minor.
No. 05-07-01060-CV.
Court of Appeals of Texas, Dallas.
June 30, 2008.
*524 Tom S. McCorkle, McCorkle & Westerburg & Thornton, P.C., Dallas, for Appellant.
Gina Savage, Asst. Dist. Atty., Dallas, for Appellee.
Before Justices WRIGHT, BRIDGES, and MAZZANT.

OPINION
Opinion by Justice MAZZANT.
The trial court found that E.P., a juvenile, was a child engaged in delinquent conduct when he committed the offenses of possession of less than one gram of cocaine and retaliation. The court found the allegations to be true and placed appellant on probation for one year in the custody of his parents. In two issues, appellant claims the evidence is legally insufficient and that the trial court erred in denying his motion to suppress. We affirm the trial court's judgment.

BACKGROUND
Randy Foster, a maintenance supervisor in a duplex community, saw what he thought was drug-related activity at a house at 10028 Galloway in Dallas County, Texas. Foster saw "[c]ars pulling up there, people jumping out and running in the house, staying for a few minutes and running back." He reported this suspicious activity to the police. Several months later, at approximately 3:30 p.m. on August 24, 2006, police executed a search warrant for the house based on information provided by Foster. As a result of the search, appellant's brother, Joanndy Perez, was arrested for possession of marijuana with intent to deliver.
At approximately 5:00 p.m. on August 24, Foster was standing in the driveway of his house when appellant and his grandfather drove up in their car. Foster claimed *525 that appellant "threatened to kick my ass for turning them in, turning Joanndy to the police." Foster took the threat seriously and believed appellant was threatening to assault him for reporting a crime. He called Officer Samuel Hernandez of the Dallas Police Department and reported the incident.
On September 15, 2006, Hernandez arrested appellant at Bryan Adams High School, which is located in Dallas County, Texas, for the offense of retaliation. When Hernandez searched appellant he found a "clear plastic baggie containing a white powdery substance" that turned out to be .15 grams of cocaine, including adulterants and dilutants. Appellant did not testify at trial.

DISCUSSION
In his first issue, appellant complains that the evidence is legally insufficient to establish that he committed the offense of retaliation. Specifically, appellant argues that Foster's testimony does not support the trial judge's finding that "Foster reported to the Dallas Police Department that illegal drugs were being sold in a certain location in Dallas County, Texas."
The Texas Family Code places juvenile delinquency proceedings in civil courts but requires that their adjudication be based on the standard of proof used in criminal cases. TEX. FAM.CODE ANN. §§ 51.17, 54.03(f) (Vernon Supp.2007). In addition, the Texas Supreme Court has held that juvenile delinquency proceedings are "quasi-criminal" in nature and that criminal rules of procedure must be looked to for guidance. In re B.L.D, 113 S.W.3d 340, 351 (Tex.2003). Therefore, we apply the same standards of review to challenges of the sufficiency of the evidence in the adjudication of a juvenile as we do in criminal cases. See In re J.W., 198 S.W.3d 327, 330 (Tex.App.-Dallas 2006, no pet.); In re A.B., 133 S.W.3d 869, 871 (Tex.App.-Dallas 2004, no pet.); In re Z.L.B., 115 S.W.3d 188, 190 (Tex.App.-Dallas 2003, no pet.).
In evaluating a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005); Sanders v. State, 119 S.W.3d 818, 820 (Tex.Crim.App.2003). In determining whether evidence is sufficient to convict, the appellate court must examine the totality of the circumstances. Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex.Crim.App. 2005). This standard is applicable in both direct and circumstantial evidence cases. Chambers v. State, 711 S.W.2d 240, 244-45 (Tex.Crim.App.1986). The appellate court is not a factfinder; its role is to act as a "due process safeguard ensuring only the rationality of the factfinder." Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).
Under section 36.06 of the penal code, a person commits the offense of retaliation if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a person who has reported or who the actor knows intends to report the occurrence of a crime. TEX. PENAL CODE ANN. § 36.06(a)(1)(B) (Vernon Supp.2007).
Appellant claims the evidence is legally insufficient in that Foster did not actually report the occurrence of a crime because (1) he admitted he was not familiar with drug activity and (2) Foster's belief that a crime was being committed was based on his observations of people coming and going from Joanndy's house. Appellant cites *526 In re K.H., 169 S.W.3d 459, 464 (Tex.App.-Texarkana 2005, no pet.), for the proposition that the offense of retaliation applies only to the occurrence of a crime and does not implicate an act that a person might reasonably believe to be a crime. In this case, however, the record indicates that Foster reported the occurrence of crime.
Hernandez testified that Foster told him that appellant threatened him for reporting illegal drug activity to the police. Foster testified that he told the police that he believed, based on his observations of the house, that there "could be drug activities going on" there. The prosecutor asked Foster, "And you reported the occurrence of a crime concerning Joanndy's narcotics activity; is that correct?" Foster replied, "That is correct." Appellant argues that Foster denied reporting suspected drug dealing during his testimony, but the record indicates that he only denied reporting suspected drug dealing to Ben Ortiz, a City of Dallas police officer who was part of the team that executed the search warrant at 10028 Galloway. Appellant's actions on the day of Joanndy's arrest also show that Foster reported the occurrence of a crime. According to Foster's testimony, approximately an hour-and-a-half after Joanndy's arrest for possession of marijuana with the intent to deliver, appellant went to Foster's house and threatened to "whip" his "ass" for "turning Joanndy in to the police." Thus, according to the undisputed facts in the record, appellant's brother was arrested for possession of marijuana with the intent to deliver after Foster contacted the police to report suspected illegal drug activity.
Viewing the evidence in the light most favorable to the verdict, the record shows that appellant threatened Foster for reporting the occurrence of a crime. Accordingly, the evidence is legally sufficient to support the trial judge's finding that appellant committed the offense of retaliation. We overrule appellant's first issue.
In his second issue, appellant claims the trial judge erred by denying his motion to suppress "because the seizure of cocaine from Appellant resulted from an illegal arrest in that the police officer was without probable cause to believe Appellant had engaged in illegal conduct, to wit, retaliation."
When reviewing a trial judge's ruling on a motion to suppress, we apply a mixed standard of reviewboth deferential and de novo. Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App.2007). We give almost total deference to a trial judge's determination of historical facts that the record supports, especially when the trial judge's fact findings are based on an evaluation of credibility and demeanor. Amador, 221 S.W.3d at 673 (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim. App.1997)). We also afford the same level of deference to a trial judge's ruling on "application of law to fact questions," or "mixed questions of law and fact," if the resolution of those questions turns on an evaluation of credibility and demeanor. Amador, 221 S.W.3d at 673 (citing Montanez v. State, 195 S.W.3d 101, 107 (Tex. Crim.App.2006)). We review de novo "mixed questions of law and fact" that do not depend upon credibility and demeanor. Amador, 221 S.W.3d at 673.
A police officer may arrest a juvenile without a warrant when there is probable cause to believe that the juvenile violated a penal law or engaged in delinquent conduct. TEX. FAM.CODE ANN. § 52.01(a)(3)(A), (B) (Vernon Supp.2007). Probable cause for an arrest exists when, at that moment, facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably *527 prudent person in believing that a particular person has committed or is committing a crime. State v. Ballard, 987 S.W.2d 889, 892 (Tex.Crim.App.1999). The reviewing court will look to the totality of the circumstances to determine if a substantial basis exists for concluding probable cause existed at the time of the questioned arrest. Guzman, 955 S.W.2d at 87. Pursuant to a lawful arrest, a police officer can conduct a search of the person of the arrestee or areas within his immediate control for weapons or evidence. McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim.App.2003).
Appellant argues that Hernandez did not have probable cause to arrest him for retaliation because the information provided to Hernandez by Foster was uncorroborated. However, the case cited by appellant to support his argument, Whaley v. State, 686 S.W.2d 950 (Tex.Crim.App. 1985), involved a tip from an informant. See id. at 951. In the present case, Foster was the victim of a crime. The record shows that Foster contacted Hernandez immediately after appellant threatened him. Hernandez filed charges against appellant for retaliation based on Foster's identification of appellant as the man who threatened him. The victim's identification of the perpetrator is sufficient to give a police officer probable cause to make an arrest. Casarez v. State, 504 S.W.2d 847, 849 (Tex.Crim.App.1974).
Appellant also argues that Hernandez lacked probable cause to arrest him because Foster did not report the occurrence of a crime. As noted previously, however, Foster did report the occurrence of a crime. Hernandez testified that Foster called him and reported that drugs were being sold from the house at 10028 Galloway. Hernandez also testified that approximately one month before Joanndy's arrest, he arrested a juvenile for possession of marijuana who told Hernandez that he had bought the drugs at 10028 Galloway. According to Hernandez, "that's how this actually got started." Hernandez spoke to Foster on the morning of August 24, 2006, which was the day of the execution of the search warrant at 10028 Galloway and Joanndy's arrest. When Foster called Hernandez shortly after Joanndy's arrest and reported that appellant had threatened to "whip" his "ass" for telling the police about the drug-related activity occurring at 10028 Galloway, Hernandez believed an offense had occurred and that he had probable cause to arrest appellant for retaliation.
Based on the totality of the circumstances, the facts and circumstances within Hernandez's knowledge would warrant a reasonably prudent person to believe appellant had committed the crime of retaliation. Accordingly, the trial court properly denied appellant's motion to suppress. We overrule appellant's second issue.
We affirm the trial court's judgment.