Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00453-CV

**IN THE MATTER OF J.A.P.**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-JUV-01211
Honorable Laura L. Parker, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
        Phylis J. Speedlin, Justice
        Marialyn Barnard, Justice

Delivered and Filed:   March 18, 2009

AFFIRMED

In this appeal, J.A.P. challenges the trial court's denial of his motion to suppress asserting

that no probable cause supported his arrest for disorderly conduct.  We affirm the trial court's

judgment.

BACKGROUND

Officer Marcos Serda received a complaint from the president of a homeowner's association

about middle school students remaining in the street and creating a traffic hazard by not allowing

vehicles to pass.  Officer Serda testified that it is a violation of the law to walk on the street when

a sidewalk is present.  In response to the complaint, Officer Serda personally observed a group of

students standing in the middle of the street, and "as a vehicle attempted to pass them or honk their

horns, or something like this, they [the students] would say something to them." At that time, Officer Serda was in a marked vehicle approximately half a block away.

Just after school dismissed one afternoon, Officer Serda approached the area in an unmarked truck. Because the windows were darkly tinted, no one could see inside the vehicle. Officer Serda once again observed the students blocking the street. Because the students refused to move from the street, Officer Serda observed another vehicle go around the students by driving on a grassy easement. Officer Serda drove up to the students in the street. J.A.P. and another male student turned around. Officer Serda observed J.A.P. mouth, "What the f—?" Officer Serda partially rolled his window down, and heard J.A.P. again say, "What the f—? What the f—?" Officer Serda was ten feet from J.A.P., and he described J.A.P. as being aggressive, defensive, and making gestures. Officer Serda demonstrated for the trial court the gestures J.A.P. was making. Officer Serda called for backup because he knew he would not be able to control all of the students in the group. Eight of the female students in the group told J.A.P., "Hey, hey, behave." Numerous other cars were parked along the street where parents were waiting for their children. Officer Serda observed several of the people waiting for the children become frustrated at the language being used.

When Officer Serda exited his truck, J.A.P. saw his uniform for the first time and said, "Oh, what the f— dawg?" The backup officers arrived almost immediately, and another officer arrested J.A.P. while Officer Serda tried to control the other male student. Officer Serda testified that he had to control the other student who "was getting more belligerent with me at the time. I had to control him. I had him against the fence." While Officer Serda was attempting to control the other male student, J.A.P. "was, again, being more aggressive and getting closer to [him]."

In denying the motion to suppress, the trial court found J.A.P. was in the street in violation of the law. The trial court also found that Officer Serda had probable cause to arrest J.A.P. for disorderly conduct. In a search conducted incident to the arrest, Officer Serda discovered J.A.P. was in possession of marijuana. After the trial court denied his motion to suppress, J.A.P. pled true to engaging in delinquent conduct by committing the offense of possession of marijuana.

### STANDARD OF REVIEW

In reviewing the trial court's ruling on a motion to suppress, we apply a mixed standard of review, deferring to the trial court's findings of historical facts but determining de novo whether those facts support the trial court's conclusion under the correct law as applied to the facts. *See In re R.J.H.*, 79 S.W.3d 1, 6-7 (Tex. 2002); *In re E.P.*, 257 S.W.3d 523, 526 (Tex. App.—Dallas 2008, no pet.); *State v. Rivenburgh*, 933 S.W.2d 698, 700 (Tex. App.—San Antonio 1996, no pet.). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rivenburgh*, 933 S.W.2d at 700.

### DISCUSSION

A police officer may arrest a juvenile offender without a warrant for any offense committed in his presence or within his view. TEX. FAM. CODE ANN. 52.01(a)(2),(3)(A) (Vernon 2008); TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005); *In re E.P.*, 257 S.W.3d at 526; *Rivenburgh*, 933 S.W.2d at 701. "In order to justify a warrantless arrest, the officer need not determine whether an offense has in fact been committed, but rather the State need only prove that probable cause existed." *Rivenburgh*, 933 S.W.2d at 701. Probable cause exists when the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient

to warrant a prudent man to believe that the arrested person has committed or was committing an offense. *In re E.P.*, 257 S.W.3d at 526-27; *Rivenburgh*, 933 S.W.2d at 701.

A person commits the offense of disorderly conduct if he intentionally or knowingly uses abusive, indecent, profane, or vulgar language in a public place, and the language by its very utterance tends to incite an immediate breach of the peace. TEX. PEN. CODE ANN. § 42.01(a)(1) (Vernon Supp. 2008). In order to constitute an offense, the words must amount to "fighting words." *Ross v. State*, 802 S.W.2d 308, 314-15 (Tex. App.—Dallas 1990, no pet.); *see also Rivenburgh*, 933 S.W.2d at 701. Fighting words are those words which by their very utterance inflict injury or tend to incite an immediate breach of the peace. *Ross*, 802 S.W.2d at 315. Fighting words include profane, obscene, and threatening words. *Id.* "Language which is merely harsh and insulting does not generally rise to the level of 'fighting words;' derisive or annoying words only rise to such level when they plainly tend to excite the addressee to a breach of the peace." *Rivenburgh*, 933 S.W.2d at 701. The test is what men of common intelligence would understand would be words likely to cause an average addressee to fight. *Ross*, 802 S.W.2d at 315.

Whether particular words constitute fighting words is a question of fact. *Coggin v. State*, 123 S.W.3d 82, 90 (Tex. App.—Austin 2003, pet. ref'd); *Rivenburgh*, 933 S.W.2d at 701. "This 'require[s] careful consideration of the actual circumstances surrounding the expression, asking whether the expression is directed to inciting or producing imminent lawless action and is likely to incite or produce such action.'" *Coggin*, 123 S.W.3d at 90 (quoting *Texas v. Johnson*, 491 U.S. 397, 409 (1989)).

J.A.P.'s sole complaint is that the trial court erred in denying his motion to suppress because the evidence failed to establish that his speech "by its very utterance tend[ed] to incite an immediate

breach of the peace." Therefore, J.A.P. asserts that Officer Serda did not have probable cause to believe that J.A.P. committed the offense of disorderly conduct.

J.A.P. relies on a federal district court decision asserting that speech directed at police officers is treated "somewhat differently" because police officers "are held to an even higher standard than the average citizen when evaluating speech to determine if it includes 'fighting words;' that is, they are required to endure a greater amount of verbal criticism." *U.S. v. Hazlewood*, No. SA-06-CR-160-XR, 2007 WL 1888883, at *8 (W.D. Tex. June 20, 2007), *aff'd on other grounds*, 526 S.W.3d 862 (5th Cir. 2008). Even if we were to follow this heightened federal standard, it would not apply in the instant case. J.A.P.'s speech was not directed at Officer Serda as a police officer. Instead, his speech was directed at an unknown driver of a vehicle that J.A.P. and his group were preventing from driving down the street by blocking the driver's path.

The trial court found that Officer Serda had probable cause to believe that J.A.P.'s words were "fighting words" tending to incite an immediate breach of the peace. Unlike *Jimmerson v. State*, 561 S.W.2d 5, 7 (Tex. Crim. App. 1978), another case relied upon by J.A.P., the record contained the actual profane language used by J.A.P., and profanity has provided a basis for finding probable cause that a disorderly conduct offense has been committed. *See Collins v. State*, Nos. 04-00-00586-CR & 04-00-00587-CR, 2001 WL 1131413 (Tex. App.—San Antonio Sept. 26, 2001, no pet.) (not designated for publication). J.A.P.'s language even caused the female students present in the group to caution him to behave. Because the record can reasonably be viewed as supporting the trial court's conclusion when viewed in the light most favorable to that conclusion, the trial court did not err in finding that a prudent man would believe that J.A.P. had committed the offense of

disorderly conduct.[1] *See Ste-Marie v. State*, 32 S.W.3d 446, 449 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding officer could reasonably believe appellant engaged in disorderly conduct by asking a ten-year-old girl "Hey, b–ch, what are you looking at?" while driving by the girl's home); *Ross*, 802 S.W.2d at 315 (holding words and phrases such as "mother f----r, a–hole, and f–k you" to be words men of common intelligence would understand to be words likely to cause the average addressee to fight).

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

---

[1] We further note that in reviewing a trial court's decision on a motion to suppress, we are permitted to consider alternative theories of law applicable to the case that support the trial court's decision, and we must affirm the trial court's decision if it is correct on any theory of law that finds support in the record. *State v. Mercado*, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). "This principle holds true even when the trial judge gives the wrong reason for his decision." *Romero*, 800 S.W.2d at 543. Accordingly, even if the trial court erred in finding that Officer Serda had probable cause to arrest J.A.P. for disorderly conduct, we would affirm the trial court's denial of the motion to suppress on the basis that Officer Serda had probable cause to arrest J.A.P. for the offense of obstructing the street. *See* TEX. PEN. CODE ANN. § 42.03(a) (Vernon 2003).